methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events as required by §1962(c).

53. The Plaintiffs have failed to appropriately allege any racketeering activity at all by the Defendants herein. Plaintiffs' pleadings provide conclusory allegations of criminal conduct on behalf of the Defendants herein and fail to assert any racketeering activity at all. As such, the COMPLAINT must be dismissed for failure to state a claim.

### AS AND FOR A SECOND SEPARATE DEFENSE: FAILURE TO PLEAD WITH PARTICULARITY

54. The Plaintiff has failed to plead the Defendants alleged fraudulent activity with particularity as provided by *FRCP Rule 9(b)*. As such, the COMPLAINT must be dismissed.

55. Count I of the COMPLAINT provides at paragraph 53, 57 and 58 refer to alleged conduct by the Defendants herein a "*fraudulent scheme*" which resulted in damages to the Plaintiffs.

56. The COMPLAINT fails to plead with particularity any alleged facts of a fraudulent scheme by the Defendant herein as required by *FRCP Rule 9(b)*. The COMPLAINT sets forth alleged fraudulent schemes which allegedly began in or around January of 1998 through March of 2004 which is before Defendants David A. Kaminsky & Associates, P.C. and/or Jerry Dobin commenced the lawsuit of which the Plaintiffs complain.

57. As such, the Plaintiffs herein have failed to allege fraudulent activity with particularity as provided by *FRCP Rule 9(b)*.

### AS AND FOR A THIRD SEPARATE DEFENSE: STATUTE OF LIMITATIONS

58. Plaintiffs' claims in the COMPLAINT are barred by the applicable statute of limitations.

### AS AND FOR A FOURTH SEPARATE DEFENSE: FAILURE TO MITIGATE

59. Plaintiffs failed to mitigate any of the alleged damages claimed by the Plaintiffs in the COMPLAINT. Plaintiffs failed to take adequate precautions before the pending sale of the property in the COMPLAINT.

60. There is no assurance that the sale of the property would have closed irrespective of any conduct or actions by the Defendants herein. The closing of a sale of property for so much money is indeed a complex transaction that has no guarantee of actually closing.

61. Furthermore, proper judgment in avoiding the loss of any operating expenses was not the obligation of any of the Defendants in this matter. The Plaintiffs were under an obligation to mitigate any damages and make the appropriate business decisions.

### AS AND FOR A FIFTH SEPARATE DEFENSE: EQUITABLE ESTOPPEL

62. Defendants served out a summons and complaint and filed a notice of pendency which is the subject of the Plaintiffs claims herein. Plaintiffs herein served an Answer to Complaint dated May 25, 2007.

63. At that time Plaintiffs herein failed to raise any issue with regard to the RICO claims asserted herein. Plaintiffs failed to seek removal of the case to Federal Court under the RICO statute.

64. Plaintiffs Answer To Complaint asserts many of the same claims made in the COMPLAINT. Plaintiffs asserted a counterclaim in said Answer but failed to raise

any of the claims asserted herein under the RICO statute. As such, the Plaintiffs claims are barred by equitable estoppel.

### AS AND FOR A SIXTH SEPARATE DEFENSE: NO STANDING

65. Plaintiffs claim fail to demonstrate standing as required by *18 U.S.C. § 1962*. Plaintiffs who bring civil RICO claims pursuant to 18 U.S.C. § 1962 must show damage to their business or property as a result of defendants' conduct.

66. Because the Plaintiffs herein failed to allege any tangible harm to their business or property, the court must hold their RICO claims nonviable.

67. Plaintiffs allege in their COMPLAINT that they discontinued the operation of their business. Plaintiffs did not allege that they discontinued the operation of the business as a result of any actions by the Defendants herein.

68. As such, Defendants herein cannot be held responsible for the alleged damages of Plaintiffs due to the discontinued the operation of the business.

69. Furthermore, Plaintiffs failed to plead how any of the actions of the Defendants herein has damaged or injured Plaintiffs with respect to the sale of the business. Plaintiffs have not pleaded that any actions of the Defendants herein has resulted in the Plaintiffs being prevented from selling the property indefinitely.

70. As such, Plaintiffs have no standing pursuant to *18 U.S.C. § 1962*.

### AS AND FOR A SEVENTH SEPARATE DEFENSE: NO PROXIMATE CAUSE

70. Plaintiff fails to plead any proximate cause between any of the actions of the Defendants herein and any damages or injuries to the Plaintiff.

71. Plaintiffs allege in their COMPLAINT that they discontinued the operation of their business on their own accord in anticipation for a pending sale.

Plaintiffs did not allege that they discontinued the operation of the business as a result of any actions by the Defendants herein.

72. As such, Defendants herein cannot be held responsible for the alleged damages of Plaintiffs due to the discontinued the operation of the business.

73. Furthermore, Plaintiffs failed to plead how any of the actions of the Defendants herein has damaged or injured Plaintiffs with respect to the sale of the business. Plaintiffs have not pleaded that any actions of the Defendants herein has resulted in the Plaintiffs being prevented from selling the property indefinitely.

74. As such, Plaintiffs have failed to prove any proximate cause between the Defendants actions herein and any damages or injuries suffered by Plaintiffs.

## AS AND FOR A EIGHTH SEPARATE DEFENSE: WAIVER

75. Defendants served out a summons and complaint and filed a notice of pendency which is the subject of the Plaintiffs RICO claims herein. The Plaintiffs herein served an Answer to Complaint dated May 25, 2007.

76. The Defendants Answer to Complaint failed to raise any issue with regard to the RICO claims asserted herein. Plaintiffs further failed to seek removal of the case to Federal Court under the RICO statute.

77. Plaintiffs Answer To Complaint asserts many of the same claims made in the COMPLAINT herein. Plaintiffs asserted a counterclaim in said Answer but failed to raise any of the claims asserted herein under the RICO statute. As such, the Plaintiffs claims under the RICO statute herein are barred by waiver.

## AS AND FOR AN NINTH SEPARATE DEFENSE: IMPROPER SPLITTING CAUSES OF ACTION

78. The Plaintiffs herein have improperly split a single and indivisible claim or cause of action and have improperly bought separate suits in the New York State

Supreme Court, Suffolk County and the United States District Court, Southern District of New York, based upon said single and indivisible claim or cause of action.

79. The Plaintiffs herein served a Verified Complaint filed in Suffolk County on February 27, 2007 (the "Verified Complaint") and annexed hereto as **Exhibit "A."** Said Verified Complaint sought damages with respect to Defendants Howard Silver, John Doe and Richard Roe for causes of action in alleged tortious interference with contract, tortious interference with business operations, business relations and economic advantage of Rhobar, Rhobar Development, Ackerly and Silver Huntington, abuse of process and prima facie tort.

80. The alleged RICO claims in the instant COMPLAINT are based upon the single and indivisible claims or causes of action in the Verified Complaint mentioned above. The Constitution does not give every person asserting a federal right one unencumbered opportunity to litigate that right in a federal district court, regardless of the legal posture in which the federal claim arises.

81. Under the "entire controversy" doctrine, a party who has elected not to raise a related part of the controversy is barred from raising it in a subsequent proceeding.

### AS AND FOR A TENTH SEPARATE DEFENSE: GOOD FAITH

82. The Defendant HOWARD SILVER herein served a Summons and Verified Complaint dated February 6, 2007 upon RHONA SILVER, HUNTINGTON TOWNHOUSE, HUNTINGTON TOWNHOUSE, INC., NEW HUNTINGTON TOWNHOUSE, HUNTINGTON REALTY, LLC, SILVER HUNTINGTON TOWNHOUSE, SILVER HUNTINGTON REALTY, LLC, HUNTINGTON ENTERPRISES, LLC, RHOBAR DEVELOPMENT ASSOCIATES, LLC, RHOBAR,