INC., RHONA SILVER ENTERPRISES-ALF LLC, RHONA SILVER ENTERPRISES-EXPO LLC, RHONA SILVER ENTERPRISES-HOTEL, LLC.

83. The Defendant HOWARD SILVER herein further served an Amended Summons and Verified Complaint dated February 8, 2007 upon the above named Defendants and also BARRY NEWMAN and ACKERLY ASSOCIATES, LLC.

84. Said Summons and Verified Complaint and Amended Summons and Verified Complaint were served in good faith upon all named Defendants in that action seeking an accounting, constructive trust and joint venture against the named Defendants.

85. The Defendants herein mailed said Summons and Verified Complaint and Amended Summons and Verified Complaint with the genuine belief that the information therein is true.

86. Furthermore, any telephone calls and facsimiles sent to the above named Defendants or the Defendants' attorneys were made in good faith with the genuine belief that all the information provided in such telephone calls and facsimiles were true.

87. The Plaintiffs herein have improperly based the RICO claims in the instant COMPLAINT upon service of the Summons and Verified Complaint and Amended Summons and Verified Complaint by the Defendants herein. Because said papers were served by the Defendants herein good faith with the genuine belief that the information contained therein is true, the instant COMPLAINT must be dismissed.

AS AND FOR A FIRST COUNTERCLAIM: SANCTIONS

88. The instant COMPLAINT has been served by the Plaintiffs herein for the improper purposes of harassing the Defendants. Furthermore, the instant COMPLAINT has been served by the Plaintiffs in an effort to needlessly increase the cost of litigation between the parties.

11

89. Furthermore, the claims and other legal contentions by the Plaintiffs herein are unwarranted by existing law. The allegations and other factual contentions by the Plaintiffs have no evidentiary support.

90. The Plaintiffs herein have improperly commenced the within action for an improper purpose with a COMPLAINT that contains frivolous arguments and/or arguments that have no evidentiary support. As such, the Plaintiffs herein are subject to FRCP Rule 11 sanctions.

### AS AND FOR A SECOND COUNTERCLAIM: PUNITIVE DAMAGES

91. The Plaintiffs' conduct in commencing the instant action is gross, wanton and/or willful. Furthermore, such COMPLAINT served by the Plaintiffs is completely devoid of merit and palpably insufficient as a matter of law.

92. The Plaintiffs' conduct in commencing the instant action was done with malicious intent toward the Defendants herein. By improperly naming the attorneys retained by the Defendants herein in the COMPLAINT the Plaintiffs demonstrate wrongdoing to the public at large.

93. Such wanton and reckless conduct demonstrate that the Plaintiffs maliciously seek to injure the Defendants. As such, the Defendants herein are entitled to an award of punitive damages.

### AS AND FOR A THIRD COUNTERCLAIM: MALICIOUS PROSECUTION

94. Plaintiffs filed the instant COMPLAINT with the intention increasing costs and attorneys fees for the Defendants. Furthermore, Plaintiffs filed the instant COMPLAINT with the intention of causing the Defendants herein anguish, and/or distraction when there is no substantial basis for the suit.

95. Plaintiffs filed the instant COMPLAINT with malice without cause to believe they can succeed. As such, the Defendants herein are entitled to damages for the Plaintiffs malicious prosecution.

### AS AND FOR A FOURTH COUNTERCLAIM: ABUSE OF PROCESS

96. The Plaintiffs herein are making an improper, illegal and perverted use of the legal process by commencing the above COMPLAINT. Plaintiffs resort to file RICO claims against the Defendants is neither warranted nor authorized by law.

97. The Plaintiffs herein have an ulterior motive in initiating the within COMPLAINT. Plaintiffs conduct in misusing the legal procedure in a manner not contemplated by law is an abuse of process.

98. Plaintiffs herein are utilizing the legal process to intimidate, harass and coerce the Defendant. The Plaintiff is invoking the legal process to accomplish an unlawful end. As such, the Defendants herein are entitled to damages for Plaintiffs abuse of process.

### AS AND FOR A FIFTH COUNTERCLAIM: SEEKING TO VIOLATE DEFENDANTS' CONSTITUTIONAL RIGHTS

99. Plaintiff is seeking to violate the Defendants' constitutional rights by commencing the instant action. Plaintiffs herein are utilizing the legal process to intimidate, harass and coerce the Defendant.

100. The Defendants herein have a right to commence a lawsuit to protect their rights. Plaintiff seek in this matter to deny the Defendants their constitutional rights by commencing this frivolous lawsuit.

101. The Plaintiffs herein seek to deny the Defendants their First Amendment Rights as well as all other applicable rights afforded by the United States Constitution.

As such, the Defendants herein are entitled to damages for the Plaintiffs' violation of Defendants' constitutional rights.

**WHEREFORE,** the Defendants demand judgment dismissing the Plaintiffs' COMPLAINT herein, together with the costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 26, 2006

    Yours etc.

    DAVID A. KAMINSKY & ASSOCIATES, P.C.
    By: James English, Esq.
    Attorneys for Defendants
    325 Broadway - Suite 504
    New York, New York 10007
    (212) 571-1227

To:   McDonough & Artz, P.C.
      Attn: Curtis B. Gilfillan, Esq.
      117 Hawley Street
      P.O. Box 1740
      Binghamton, NY 13902-1740
      Bar Roll No.: CG 2229