STATE OF NEW YORK
SUPREME COURT . COUNTY OF SUFFOLK

Index No. 07-06435
Date Purchased: 2/27/07

Plaintiffs designate Suffolk County as the place of trial.

RHOBAR, INC., RHOBAR DEVELOPMENT ASSOCIATES, LLC, ACKERLY ASSOCIATES, LLC and SILVER HUNTINGTON ENTERPRISES, LLC,

The basis of venue is Plaintiffs' principal place of business

Plaintiffs,

**SUMMONS WITH NOTICE**

vs.

Plaintiffs' business address is.

HOWARD SILVER, JOHN DOE and RICHARD ROE being fictitious names.

124 East Jericho Turnpike
Huntington Station, NY 11746

Defendants.

County of Suffolk

To the above named Defendants

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:       February 23rd, 2007

McDONOUGH & ARTZ, P.C.
Kevin F. McDonough, Esq.
Attorneys for Plaintiffs

Office and P.O Address:
117 Hawley Street
P.O. Box 1740
Binghamton, N.Y. 13902-1740
Telephone (607) 772-6070

Defendant's Address:

**Howard Silver**
500 East 77th Street
Apt. 731
New York, NY

**FILED**
FEB 27 2007

Judith A. Pascale
CLERK OF SUFFOLK COUNTY

The original Summons with Notice was filed in the Suffolk County Clerk's Office on February 27, 2007.

STATE OF NEW YORK
SUPREME COURT : COUNTY OF SUFFOLK

Index No 07-06435
Date Purchased: 2/27/07

---

RHOBAR, INC., RHOBAR DEVELOPMENT ASSOCIATES, LLC, ACKERLY ASSOCIATES, LLC and SILVER HUNTINGTON ENTERPRISES, LLC,

Plaintiffs designate Suffolk County as the place of trial.

The basis of venue is Plaintiffs' principal place of business.

    Plaintiffs,

**_SUMMONS WITH NOTICE_**

vs.

Plaintiffs' business address is

HOWARD SILVER, JOHN DOE and RICHARD ROE being fictitious names,

124 East Jericho Turnpike
Huntington Station, NY 11746

    Defendants.

County of Suffolk

---

To the above named Defendants

  You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York) and in case of failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  February 23rd, 2007

                _____
                McDONOUGH & ARTZ, P.C.
                Kevin F. McDonough, Esq
                Attorneys for Plaintiffs

                Office and P.O. Address:
                117 Hawley Street
                P.O. Box 1740
                Binghamton, N.Y. 13902-1740
                Telephone: (607) 772-6070

Defendant's Address:

**FILED**

**Howard Silver**
500 East 77th Street
Apt. 731
New York, NY

FEB 27 2007

Judith_____ ascaic
CLERK OF SUFFOLK COUNTY

The original Summons with Notice was filed in the Suffolk County Clerk's Office on February 27, 2007

STATE OF NEW YORK
SUPREME COURT : COUNTY OF SUFFOLK

---

RHOBAR, INC., RHOBAR DEVELOPMENT
ASSOCIATES, LLC, ACKERLY ASSOCIATES,
LLC and SILVER HUNTINGTON ENTERPRISES,
LLC,

                 Plaintiffs,

vs.

HOWARD SILVER, JOHN DOE and
RICHARD ROE being fictitious names,

                 Defendants.

VERIFIED
COMPLAINT

Index No.: 07-06455

---

Plaintiffs, by and through their attorneys, McDonough & Artz, P.C. and Conway, Farrell, Curtin & Kelly, P.C., allege as follows:

1. Plaintiff Rhobar, Inc (hereinafter Rhobar) is and was at all times hereinafter mentioned a corporation incorporated under the laws of the State of New York with its principle office and place of business at 124 East Jericho Turnpike, Huntington Station, Suffolk County, New York.

2. Plaintiff Rhobar Development Associates, LLC (hereinafter Rhobar Development) is and was at all times hereinafter mentioned a limited liability company organized under the laws of the State of New York with its principle office and place of business at 124 East Jericho Turnpike, Huntington Station, Suffolk County, New York

3. Plaintiff Ackerly Associates, LLC (hereinafter Ackerly) is and was at all times hereinafter mentioned a limited liability company organized under the laws of the State of New York with its principle office and place of business at 124 East Jericho Turnpike, Huntington Station, Suffolk County, New York.

4. Plaintiff Silver Huntington Enterprises, LLC (hereinafter Silver Huntington) is and was at all times hereinafter mentioned a limited liability company organized under the laws of the State of New York with its principle office and place of business at 124 East Jericho Turnpike, Huntington Station, Suffolk County, New York.

5. Upon information and belief, Defendant Howard Silver is an individual residing in New York County at 500 East 77th Street, Apt. 731, New York, New York.

6. John Doe and Richard Roe are fictitious names for Defendants who upon information and belief, conspired with Defendant Howard Silver as hereinafter more fully set forth.

7. Silver Huntington has operated and conducted a catering business at 124 East Jericho Turnpike, Huntington Station, Suffolk County, New York since 1997.

8. Silver Huntington has never held title to the real property known generally as 124 East Jericho Turnpike, Huntington Station, Suffolk County, New York.

9. Rhobar, Rhobar Development and Ackerly are the title holders and owners of the real property generally known as 124 East Jericho Turnpike, Huntington Station, New York and upon which real property The Huntington Townhouse is located and conducts its business.

10. Rhobar, Rhobar Development and Ackerly negotiated for some time with and entered into an agreement to sell the real property known generally as 124 East Jericho Turnpike, Town of Huntington, Suffolk County, New York to Lowe's Home Centers, Inc. on or about February 6, 2007, said closing anticipated to take place on or before March 31, 2007 but for Defendants' actions as hereinafter set forth.

11. The purchase price to be paid for the premises is $38,500,000.00.

12. The aforesaid premises has been actively marketed for over a year since the expenses of the property, including operation of the catering business, has averaged

2

$435,249.00 per month over income, over the last fifteen months, during the time Silver Huntington was conducting its catering operations.

13. Expenses on the mortgages and taxes paid on the aforesaid property, as well as other real estate that was mortgaged with all proceeds used for operations of the catering business, total approximately $381,006.00 per month.

14. Upon information and belief, Defendant Howard Silver provided no monies towards the purchase of the aforesaid real property previously owned by Silver Huntington Realty, LLC and presently owned by Rhobar, Rhobar Development and Ackerly and has no interest in the real property.

15. Upon information and belief, Defendant Howard Silver had and has no interest in Silver Huntington or Silver Huntington Realty, LLC, the later limited liability company being the predecessor in title to Rhobar, Rhobar Development and Ackerly and no interest in Rhobar, Rhobar Development and Ackerly.

16. Defendant Howard Silver represented to a Federal Court Magistrate on March 16, 1999 and in statements made in interviews prior to said court appearance that he had no ownership interest in The Huntington Townhouse and that his only asset was his ticket broker business.

17. Upon information and belief, Defendant Howard Silver has received from Silver Huntington more than one million dollars over and above any monies Defendant allegedly paid to Silver Huntington, said overpayment of monies resulting from usurious interest rates charged by Defendant.

18. On or about early January, 2007 Silver Huntington laid off the employees involved in booking new parties and events at The Huntington Townhouse having determined

3

that there would be no parties or events booked beyond March 31, 2007 in anticipation of a closing on the sale of the properties to Lowe's

19.  Commencing on or about early January, 2007 employees of Silver Huntington began notifying individuals and companies that had booked parties or events at the Townhouse beyond March 31, 2007 that operations would shut down as of the aforesaid date and made arrangements for the individuals and businesses to hold their events at alternate sites at the same cost or, in the alternative, at the clients request, returned over $364,000.00 in deposits to clients involved in events past March 31, 2007.

20.  Commencing April 1, 2007 no further events, parties or any form of catering operation will occur at The Huntington Townhouse and no income will be generated by Plaintiff Silver Huntington to defray the expenses of the property and expenses of past operations

21.  Upon information and belief, Defendants Howard Silver, John Doe and Richard Roe were aware that employees of Silver Huntington had been laid off and that no new events were being booked beyond March 31, 2007, and that refunds for events to be held after that date were being returned to clients and/or alternate arrangements at other catering sites were being made by Silver Huntington for clients who had booked events beyond March 31, 2007 and knew that the operations of The Huntington Townhouse would be closed effective March 31, 2007 and no further income would be received by Plaintiffs

22.  Upon information and belief, the Defendant Howard Silver knew that if the closing of the sale to Lowe's did not take place, Silver Huntington would not be able to recapture business and book further events at the Townhouse and that there would be no income from operations and only continued expenses of tremendous amounts of money.

4

23. Upon information and belief on or before February 6, 2007 in New York City, New York and on Long Island, the Defendant, Howard Silver, conspired with persons unknown to Plaintiffs and maliciously and willfully entered into a scheme to file a frivolous and baseless Summons and Complaint along with a baseless and defective Notice of Pendency so as to interfere with and obstruct the sale and deprive Plaintiffs of the sale of their real property and from the proceeds of the sale and to extort money from the Plaintiffs that Defendant, Howard Silver, and the other Defendants were not entitled to.

24. Upon information and belief, thereafter, on February 6, 2007 at the Suffolk County Clerk's Office in Suffolk County, New York in pursuance of said conspiracy, the Defendant Howard Silver and/or John Doe and/or Richard Roe caused a baseless and frivolous Summons and Complaint with baseless and defective Notice of Pendency to be filed all done by the Defendant Howard Silver or one or more persons unknown to Plaintiffs according to the plan of said conspiracy and for the purpose of defrauding and deceiving Plaintiffs, interfering with the contract and Plaintiffs' business relations, business operations and economic advantage and extorting money not owed Defendants.

25. Upon information and belief, on or about February 6, 2007, Defendant Howard Silver and/or John Doe and/or Richard Roe wrongfully and with intent to harm Plaintiffs without excuse or justification, caused a baseless and defective Notice of Pendency to be filed in the Suffolk County Clerk's Office, along with a Summons and Complaint which did not raise claims which directly affect title to or the use and enjoyment of real property and which were filed in bad faith, but which has damaged Plaintiffs and which will delay the intended closing and which may cause additional grievous damage.

26. Upon information and belief, by virtue of said baseless and defective Notice of Pendency, the sale of the real property upon which the Notice of Pendency was filed, which

5

is the same property covered by Plaintiffs' contract with Lowe's has been disrupted and delayed and Plaintiffs have been required to expend substantial time, effort and monies for legal fees and will sustain substantial damage as a result of delay in closing.

27. Upon information and belief, the statements in the Complaint that Defendant Howard Silver jointly owned businesses and properties with Rhona Silver and that Rhona Silver agreed to hold 50% of the profits and capital of Silver Huntington and Silver Huntington Realty, LLC were false, fraudulent and intended to force Plaintiffs to pay monies to Defendants that were not otherwise owing or risk and/or lose the sale of the real property to Lowe's.

28. Upon information and belief, Defendant Howard Silver's claims in his Complaint were not only false and fraudulent but were tortiously made and the defective and false Notice of Pendency filed to damage Plaintiffs and force them to pay monies to Defendants.

29. Upon information and belief, the allegations and claims set forth in Defendant Howard Silver's Complaint and Notice of Pendency filed on February 6, 2007 were improperly, unfairly and dishonestly made with the intention of interfering with Plaintiffs' prospective contract and contract of sale and sale of the properties to Lowe's as well as Plaintiffs' other contracts.

30. Upon information and belief, on and before February 6, 2007, the Defendant Howard Silver, John Doe and Richard Roe, who all had knowledge of Plaintiffs' impending contract of sale of real property, intentionally, willfully, maliciously and falsely stated and represented in the Complaint of Defendant Howard Silver that he was a joint owner of the properties to be sold and that said properties were being held on his behalf.

31. Upon information and belief, Defendant Howard Silver's representations and statements were false and untrue and were made intentionally, maliciously, tortiously and

6

wilfully, when he knew said statements were untrue and with wanton disregard to Plaintiffs' property rights and for the purposes of extorting from the Plaintiffs monies for which Plaintiffs were not indebted.

32. Upon information and belief by reason of the foregoing, Plaintiffs have suffered damage in a sum as yet unknown and presently in an amount of not less than $1,113,690.00 but which damages may exceed $40,000,000.00 because of the acts and activities of the Defendants and because the aforesaid acts and activities were malicious, willful and in reckless disregard of Plaintiffs' property interest, Plaintiffs are entitled to punitive damages in a sum of not less than $10,000,000.00.

### AS AND FOR A FIRST CAUSE OF ACTION
### TORTIOUS INTERFERENCE WITH CONTRACT

33. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "32" with the same force and effect as if herein set forth in full.

34. Upon information and belief, Defendants have tortiously interfered with the contract between the Plaintiffs Rhobar, Rhobar Development and Ackerly and Lowe's all to Plaintiffs' damage in the amount of at least $1,113,690.00 but which may exceed $40,000,000.00.

### AS AND FOR A SECOND CAUSE OF ACTION
### TORTIOUS INTERFERENCE WITH BUSINESS OPERATIONS, BUSINESS RELATIONS AND ECONOMIC ADVANTAGE OF RHOBAR, RHOBAR DEVELOPMENT, ACKERLY AND SILVER HUNTINGTON

35. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "34" with the same force and effect as if herein set forth in full.

36. Upon information and belief, Defendants' actions have tortiously interfered with the economic advantage, business operations and business relations of Silver Huntington,

7

Rhobar, Rhobar Development and Ackerly all to said companies' damage in the amount of at least $1,113,690.00 but which may exceed $40,000,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION
## ABUSE OF PROCESS

37. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "36" with the same force and effect as if herein set forth in full.

38. Upon information and belief, Defendants' actions affected Plaintiffs' property rights and were an abuse of process all to Plaintiffs' damage in the amount of at least $1,113,690.00 and which may exceed $40,000,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION
## PRIMA FACIE TORT

39. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "38" with the same force and effect as if herein set forth in full.

40. Upon information and belief, in the alternative, the statements and demands set forth in Defendant Howard Silver's Complaint and Notice of Pendency filed February 6, 2007 were intentionally made for the purpose of inflicting harm upon Plaintiffs, without excuse or justification, by an act which would otherwise be lawful.

41. Upon information and belief, that by reason of the foregoing, Plaintiffs have suffered damages in an amount of at least $1,113,690.00 and which may exceed $40,000,000.00.

**WHEREFORE**, Plaintiffs demand judgment in an amount to be proven at trial of at least $1,113,690.00 on the first cause of action and up to $40,000,000.00 on said cause of action; in the amount of at least $1,113,690.00 on the second cause of action and up to $40,000,000.00 on said cause of action; in the amount of at least $1,113,690.00 on the third cause of action and up to $40,000,000.00 on said cause of action; in the amount of at least

8

$1,113,690.00 on the fourth cause of action and up to $40,000,000.00 on said cause of action; and $10,000,000.00 in punitive damages as shall be determined at trial, together with costs and disbursements of this action and such other and further relief as the Court deems just and proper.

Dated:   February 23, 2007

                                              Kevin F. McDonough, Esq
                                              McDonough & Artz, P.C.
                                              Attorneys for Plaintiffs
                                              117 Hawley Street
                                              P.O. Box 1740
                                              Binghamton, NY 13902-1740

## VERIFICATION

STATE OF NEW YORK   :
                    : ss.
COUNTY OF BROOME    :

BARRY G. NEWMAN, being sworn says, I am the Managing Member of Rhobar Development Associates, LLC and Ackerly Associates, LLC and an Officer of Rhobar, Inc., Plaintiffs in the action herein; I have read the annexed **Summons and Complaint**, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters not stated upon knowledge is based upon the following discussions with other members and review of records

I am making this verification on behalf of the Plaintiffs since we are united in interests and pleading together.

_____
Barry G. Newman

Sworn to before me this
23rd day of February, 2007.

_Patricia O'Leary_
Notary Public

Public, State of New York
No. 01OL6113276
Residing in Broome County
5-2-8