UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

RHOBAR, INC., RHOBAR DEVELOPMENT
ASSOCIATES, LLC., ACKERLY ASSOCIATES, LLC.,     Case no: 07 CIV 6100
SILVER HUNTINGTON ENTERPRISES, LLC.,
and SILVER HUNTINGTON REALTY, LLC.,

                             Plaintiffs,            **AMENDED
                                                   NOTICE OF APPEARANCE
                                                   ANSWER TO COMPLAINT
                                                   UNDER THE RACKETEER
                                                   INFLUENCED AND
                                                   CORRUPT ORGANIZATIONS
                                                   ACT WITH AFFIRMATIVE
                                                   DEFENSES AND
                                                   <u>COUNTERCLAIMS</u>**

        -against-


HOWARD SILVER, 2 ON THE AISLE, INC.,
DAVID A. KAMINSKY & ASSOCIATES, P.C.,
MARTIN G. DOBIN, ESQ., a/k/a JERRY DOBIN, ESQ.,
and ELLIOT J. HURDY,

                             Defendants.
---------------------------------------------------------------------X

**PEOPLE:**

        **DEFENDANTS** DAVID A. KAMINSKY & ASSOCIATES, P.C., MARTIN G.

DOBIN, ESQ., a/k/a JERRY DOBIN, ESQ. and HOWARD SILVER hereby appear by

their attorneys DAVID A. KAMINSKY & ASSOCIATES, P.C.

        **PLEASE TAKE NOTICE** that said Defendants hereby interpose the following

answer to the COMPLAINT UNDER THE RACKETEER INFLUENCED AND

CORRUPT ORGANIZATIONS ACT (hereinafter "COMPLAINT"):

        1.      Deny knowledge or information sufficient to form a belief as to the

contents of paragraph (1) of the COMPLAINT.

1

2.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (2) of the COMPLAINT.

3.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (3) of the COMPLAINT.

4.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (4) of the COMPLAINT.

5.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (5) of the COMPLAINT.

6.     Admit the contents of paragraph (6) of the COMPLAINT.

7.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (7) of the COMPLAINT.

8.     Admit the contents of paragraph (8) of the COMPLAINT.

9.     Admit the contents of paragraph (9) of the COMPLAINT.

10.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (10) of the COMPLAINT.

11.     State that paragraph (11) of the COMPLAINT contains only statements of law not requiring a response and respectfully refers the Court to the statutes cited for their terms.

12.     State that paragraph (12) of the COMPLAINT contains only statements of law not requiring a response and respectfully refers the Court to the statutes cited for their terms.

13.     Deny the allegations of paragraph (13) of the COMPLAINT.

14.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (14) of the COMPLAINT.

2

15.    Deny knowledge or information sufficient to form a belief as to the contents of paragraph (15) of the COMPLAINT.

16.    Deny knowledge or information sufficient to form a belief as to the contents of paragraph (16) of the COMPLAINT.

17.    Deny the allegations of paragraph (17) of the COMPLAINT.

18.    Deny the allegations of paragraph (18) of the COMPLAINT.

19.    Deny the allegations of paragraph (19) of the COMPLAINT.

20.    Deny the allegations of paragraph (20) of the COMPLAINT.

21.    Deny the allegations of paragraph (21) of the COMPLAINT.

22.    Deny knowledge or information sufficient to form a belief as to the contents of paragraph (22) of the COMPLAINT.

23.    Deny knowledge or information sufficient to form a belief as to the contents of paragraph (23) of the COMPLAINT.

24.    Deny the allegations of paragraph (24) of the COMPLAINT.

25.    Deny the allegations of paragraph (25) of the COMPLAINT.

26.    Admits lawsuit against Rhona Silver but Denies the remainder of the allegations of paragraph (26) of the COMPLAINT.

27.    Deny the allegations of paragraph (27) of the COMPLAINT.

28.    Deny knowledge or information sufficient to form a belief as to the contents of paragraph (28) of the COMPLAINT.

29.    Deny the allegations of paragraph (29) of the COMPLAINT.

30.    Deny the allegations of paragraph (30) of the COMPLAINT.

31.    Deny knowledge or information sufficient to form a belief as to the contents of paragraph (31) of the COMPLAINT.

3

32.    Deny knowledge or information sufficient to form a belief as to the contents of paragraph (32) of the COMPLAINT.

33.    Deny knowledge or information sufficient to form a belief as to the contents of paragraph (33) of the COMPLAINT.

34.    Deny the allegations of paragraph (34) of the COMPLAINT.

35.    Deny knowledge or information sufficient to form a belief as to the contents of paragraph (35) of the COMPLAINT.

36.    Deny knowledge or information sufficient to form a belief as to the contents of paragraph (36) of the COMPLAINT.

37.    Deny knowledge or information sufficient to form a belief as to the contents of paragraph (37) of the COMPLAINT.

38.    Deny knowledge or information sufficient to form a belief as to the contents of paragraph (38) of the COMPLAINT.

39.    Deny knowledge or information sufficient to form a belief as to the contents of paragraph (39) of the COMPLAINT.

40.    Deny knowledge or information sufficient to form a belief as to the contents of paragraph (40) of the COMPLAINT.

41.    Deny knowledge or information sufficient to form a belief as to the contents of paragraph (41) of the COMPLAINT.

42.    Deny knowledge or information sufficient to form a belief as to the contents of paragraph (42) of the COMPLAINT.

43.    Deny the allegations of paragraph (43) of the COMPLAINT.

44.    Deny knowledge or information sufficient to form a belief as to the contents of paragraph (44) of the COMPLAINT.

4

45.    Deny the allegations of paragraph (45) of the COMPLAINT.

46.    Deny the allegations of paragraph (46) of the COMPLAINT.

47.    Deny the allegations of paragraph (47) of the COMPLAINT.

48.    Admits a criminal complaint Deny the allegations of paragraph (48) of the

COMPLAINT.

49.    Deny the allegations of paragraph (49) of the COMPLAINT.

50.    Deny the allegations of paragraph (50) of the COMPLAINT.

51.    Deny the allegations of paragraph (51) of the COMPLAINT.

52.    Deny the allegations of paragraph (52) of the COMPLAINT.

53.    Deny the allegations of paragraph (53) of the COMPLAINT.

54.    Deny the allegations of paragraph (54) of the COMPLAINT.

55.    Deny the allegations of paragraph (55) of the COMPLAINT.

56.    Deny the allegations of paragraph (56) of the COMPLAINT.

57.    Deny the allegations of paragraph (57) of the COMPLAINT.

58.    Deny the allegations of paragraph (58) of the COMPLAINT.

59.    Deny the allegations of paragraph (59) of the COMPLAINT.

60.    Deny the allegations of paragraph (60) of the COMPLAINT.

61.    Deny the allegations of paragraph (61) of the COMPLAINT.

62.    Deny the allegations of paragraph (62) of the COMPLAINT.

63.    Deny the allegations of paragraph (63) of the COMPLAINT.

64.    Deny the allegations of paragraph (64) of the COMPLAINT.

65.    Deny the allegations of paragraph (65) of the COMPLAINT.

66.    Deny the allegations of paragraph (66) of the COMPLAINT.

67.    Deny the allegations of paragraph (67) of the COMPLAINT.

68.    Deny the allegations of paragraph (68) of the COMPLAINT.

69.    Deny the allegations of paragraph (69) of the COMPLAINT.

70.    Deny the allegations of paragraph (70) of the COMPLAINT.

71.    Deny the allegations of paragraph (71) of the COMPLAINT.

72.    Deny the allegations of paragraph (72) of the COMPLAINT.

73.    Deny the allegations of paragraph (73) of the COMPLAINT.

74.    Deny the allegations of paragraph (74) of the COMPLAINT.

75.    Deny the allegations of paragraph (75) of the COMPLAINT.

76.    Deny the allegations of paragraph (76) of the COMPLAINT.

77.    Deny the allegations of paragraph (77) of the COMPLAINT.

78.    Deny the allegations of paragraph (78) of the COMPLAINT.

79.    Deny the allegations of paragraph (79) of the COMPLAINT.

80.    Deny the allegations of paragraph (80) of the COMPLAINT.

81.    Deny the allegations of paragraph (81) of the COMPLAINT.

82.    Deny the allegations of paragraph (82) of the COMPLAINT.

83.    Deny the allegations of paragraph (83) of the COMPLAINT.

84.    Deny the allegations of paragraph (84) of the COMPLAINT.

85.    Deny the allegations of paragraph (85) of the COMPLAINT.

86.    Deny the allegations of paragraph (86) of the COMPLAINT.

87.    Deny the allegations of paragraph (87) of the COMPLAINT.

88.    Deny the allegations of paragraph (88) of the COMPLAINT.

89.    Deny the allegations of paragraph (89) of the COMPLAINT.

90.    Deny the allegations of paragraph (90) of the COMPLAINT.

91.    Deny the allegations of paragraph (91) of the COMPLAINT.

92.    Deny the allegations of paragraph (92) of the COMPLAINT.

93.    Deny the allegations of paragraph (93) of the COMPLAINT.

94.    Deny the allegations of paragraph (94) of the COMPLAINT.

95.    Deny the allegations of paragraph (95) of the COMPLAINT.

96.    Deny the allegations of paragraph (96) of the COMPLAINT.

97.    Deny the allegations of paragraph (97) of the COMPLAINT.

## AS AND FOR A FIRST SEPARATE DEFENSE: FAILURE TO STATE A CLAIM

98.    The Plaintiffs have failed to state a claim under the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") statute *18 U.S.C. §§ 1961-1962 (2000)*. The Plaintiffs' have failed to allege with particularity any of the four elements required by the statute: (1) conduct (2) of an enterprise, (3) through a pattern (4) of racketeering activity.

99.    The Plaintiffs have failed to allege *conduct* within the meaning of the RICO statute by any of the Defendants herein. Plaintiffs' pleading are conclusory and fail to show that the Defendants conducted or participated in the conduct of the affairs of an enterprise through a pattern of racketeering activity as required by *§1962(c)*.

100.    The Plaintiffs have failed to allege how the Defendants herein were an *enterprise* within the meaning of the RICO statute. The Plaintiffs have failed to plead with any specificity that the Defendants herein are a continuing unit that has some type of organization and constitutes an entity separate and apart from the alleged pattern of racketeering alleged by the Plaintiffs as required by *§1962(c)*.

101.    The Plaintiffs have failed to allege a *pattern* within the meaning of the RICO statute. Plaintiffs have failed to plead with specificity that any of the alleged racketeering acts by the Defendants "are related" and "amount to or pose the threat of

7

continued criminal activity.   Furthermore, the Pleadings in the Complaint fail to set forth that said conduct have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events as required by §1962(c).

102.    The Plaintiffs have failed to appropriately allege any racketeering activity at all by the Defendants herein.  Plaintiffs' pleadings provide conclusory allegations of criminal conduct on behalf of the Defendants herein and fail to assert any racketeering activity at all.  As such, the COMPLAINT must be dismissed for failure to state a claim.

### AS AND FOR A SECOND SEPARATE DEFENSE:  FAILURE TO PLEAD WITH PARTICULARITY

103.    The Plaintiff has failed to plead the Defendants alleged fraudulent activity with particularity as provided by *FRCP Rule 9(b)*.   As such, the COMPLAINT must be dismissed.

104.    Count I of the COMPLAINT provides at paragraph 53, 57 and 58 refer to alleged conduct by the Defendants herein a *"fraudulent scheme"* which resulted in damages to the Plaintiffs.

105.    The COMPLAINT fails to plead with particularity any alleged facts of a fraudulent scheme by the Defendant herein as required by *FRCP Rule 9(b)*.   The COMPLAINT sets forth alleged fraudulent schemes which allegedly began in or around January of 1998 through March of 2004 which is before Defendants David A. Kaminsky & Associates, P.C. and/or Jerry Dobin commenced the lawsuit of which the Plaintiffs complain.

106.    As such, the Plaintiffs herein have failed to allege fraudulent activity with particularity as provided by *FRCP Rule 9(b)*.

8

## AS AND FOR A THIRD SEPARATE DEFENSE: STATUTE OF LIMITATIONS

107.   Plaintiffs' claims in the COMPLAINT are barred by the applicable statute of limitations.

## AS AND FOR A FOURTH SEPARATE DEFENSE: FAILURE TO MITIGATE

108.   Plaintiffs failed to mitigate any of the alleged damages claimed by the Plaintiffs in the COMPLAINT. Plaintiffs failed to take adequate precautions before the pending sale of the property in the COMPLAINT.

109.   There is no assurance that the sale of the property would have closed irrespective of any conduct or actions by the Defendants herein. The closing of a sale of property for so much money is indeed a complex transaction that has no guarantee of actually closing.

110.   Furthermore, proper judgment in avoiding the loss of any operating expenses was not the obligation of any of the Defendants in this matter. The Plaintiffs were under an obligation to mitigate any damages and make the appropriate business decisions.

## AS AND FOR A FIFTH SEPARATE DEFENSE: EQUITABLE ESTOPPEL

111.   Defendants served out a summons and complaint and filed a notice of pendency which is the subject of the Plaintiffs claims herein. Plaintiffs herein served an Answer to Complaint dated May 25, 2007.

112.   At that time Plaintiffs herein failed to raise any issue with regard to the RICO claims asserted herein. Plaintiffs failed to seek removal of the case to Federal Court under the RICO statute.

113.   Plaintiffs Answer To Complaint asserts many of the same claims made in the COMPLAINT. Plaintiffs asserted a counterclaim in said Answer but failed to raise

9

any of the claims asserted herein under the RICO statute. As such, the Plaintiffs claims are barred by equitable estoppel.

### AS AND FOR A SIXTH SEPARATE DEFENSE: NO STANDING

114.    Plaintiffs claim fail to demonstrate standing as required by *18 U.S.C. § 1962*. Plaintiffs who bring civil RICO claims pursuant to 18 U.S.C. § 1962 must show damage to their business or property as a result of defendants' conduct.

115.    Because the Plaintiffs herein failed to allege any tangible harm to their business or property, the court must hold their RICO claims nonviable.

116.    Plaintiffs allege in their COMPLAINT that they discontinued the operation of their business. Plaintiffs did not allege that they discontinued the operation of the business as a result of any actions by the Defendants herein.

117.    As such, Defendants herein cannot be held responsible for the alleged damages of Plaintiffs due to the discontinued the operation of the business.

118.    Furthermore, Plaintiffs failed to plead how any of the actions of the Defendants herein has damaged or injured Plaintiffs with respect to the sale of the business. Plaintiffs have not pleaded that any actions of the Defendants herein has resulted in the Plaintiffs being prevented from selling the property indefinitely.

119.    As such, Plaintiffs have no standing pursuant to *18 U.S.C. § 1962.*

### AS AND FOR A SEVENTH SEPARATE DEFENSE: NO PROXIMATE CAUSE

120.    Plaintiff fails to plead any proximate cause between any of the actions of the Defendants herein and any damages or injuries to the Plaintiff.

121.    Plaintiffs allege in their COMPLAINT that they discontinued the operation of their business on their own accord in anticipation for a pending sale.

10

Plaintiffs did not allege that they discontinued the operation of the business as a result of any actions by the Defendants herein.

122.    As such, Defendants herein cannot be held responsible for the alleged damages of Plaintiffs due to the discontinued the operation of the business.

123.    Furthermore, Plaintiffs failed to plead how any of the actions of the Defendants herein has damaged or injured Plaintiffs with respect to the sale of the business.  Plaintiffs have not pleaded that any actions of the Defendants herein has resulted in the Plaintiffs being prevented from selling the property indefinitely.

124.    As such, Plaintiffs have failed to prove any proximate cause between the Defendants actions herein and any damages or injuries suffered by Plaintiffs.

### AS AND FOR A EIGHTH SEPARATE DEFENSE:  WAIVER

125.    Defendants served out a summons and complaint and filed a notice of pendency which is the subject of the Plaintiffs RICO claims herein.  The Plaintiffs herein served an Answer to Complaint dated May 25, 2007.

126.    The Defendants Answer to Complaint failed to raise any issue with regard to the RICO claims asserted herein.  Plaintiffs further failed to seek removal of the case to Federal Court under the RICO statute.

127.    Plaintiffs Answer To Complaint asserts many of the same claims made in the COMPLAINT herein.  Plaintiffs asserted a counterclaim in said Answer but failed to raise any of the claims asserted herein under the RICO statute.  As such, the Plaintiffs claims under the RICO statute herein are barred by waiver.

### AS AND FOR AN NINTH SEPARATE DEFENSE: IMPROPER SPLITTING CAUSES OF ACTION

128.    The Plaintiffs herein have improperly split a single and indivisible claim or cause of action and have improperly bought separate suits in the New York State

11

Supreme Court, Suffolk County and the United States District Court, Southern District of New York, based upon said single and indivisible claim or cause of action.

129.    The Plaintiffs herein served a Verified Complaint filed in Suffolk County on February 27, 2007 (the "Verified Complaint") and annexed hereto as **Exhibit "A."** Said Verified Complaint sought damages with respect to Defendants Howard Silver, John Doe and Richard Roe for causes of action in alleged tortious interference with contract, tortious interference with business operations, business relations and economic advantage of Rhobar, Rhobar Development, Ackerly and Silver Huntington, abuse of process and prima facie tort.

130.    The alleged RICO claims in the instant COMPLAINT are based upon the single and indivisible claims or causes of action in the Verified Complaint mentioned above.  The Constitution does not give every person asserting a federal right one unencumbered opportunity to litigate that right in a federal district court, regardless of the legal posture in which the federal claim arises.

131.    Under the "entire controversy" doctrine, a party who has elected not to raise a related part of the controversy is barred from raising it in a subsequent proceeding.

<u>AS AND FOR A TENTH SEPARATE DEFENSE: GOOD FAITH</u>

132.    The Defendant HOWARD SILVER herein served a Summons and Verified Complaint dated February 6, 2007 upon RHONA SILVER, HUNTINGTON TOWNHOUSE, HUNTINGTON TOWNHOUSE, INC., NEW HUNTINGTON TOWNHOUSE, HUNTINGTON REALTY, LLC, SILVER HUNTINGTON TOWNHOUSE, SILVER HUNTINGTON REALTY, LLC, HUNTINGTON ENTERPRISES, LLC, RHOBAR DEVELOPMENT ASSOCIATES, LLC, RHOBAR,

12

INC., RHONA SILVER ENTERPRISES-ALF LLC, RHONA SILVER ENTERPRISES-EXPO LLC, RHONA SILVER ENTERPRISES-HOTEL, LLC.

133.    The Defendant HOWARD SILVER herein further served an Amended Summons and Verified Complaint dated February 8, 2007 upon the above named Defendants and also BARRY NEWMAN and ACKERLY ASSOCIATES, LLC.

134.    Said Summons and Verified Complaint and Amended Summons and Verified Complaint were served in good faith upon all named Defendants in that action seeking an accounting, constructive trust and joint venture against the named Defendants.

135.    The Defendants herein mailed said Summons and Verified Complaint and Amended Summons and Verified Complaint with the genuine belief that the information therein is true.

136.    Furthermore, any telephone calls and facsimiles sent to the above named Defendants or the Defendants' attorneys were made in good faith with the genuine belief that all the information provided in such telephone calls and facsimiles were true.

137.    The Plaintiffs herein have improperly based the RICO claims in the instant COMPLAINT upon service of the Summons and Verified Complaint and Amended Summons and Verified Complaint by the Defendants herein.  Because said papers were served by the Defendants herein good faith with the genuine belief that the information contained therein is true, the instant COMPLAINT must be dismissed.

### AS AND FOR A FIRST COUNTERCLAIM: SANCTIONS

138.    Defendants repeat and reallege each of the allegations contained in paragraphs 1 through 137 as if fully set forth herein.

139.    The instant COMPLAINT has been served by the Plaintiffs herein for the improper purposes of harassing the Defendants.  Furthermore, the instant COMPLAINT

13

has been served by the Plaintiffs in an effort to needlessly increase the cost of litigation between the parties.

140.    Furthermore, the claims and other legal contentions by the Plaintiffs herein are unwarranted by existing law.  The allegations and other factual contentions by the Plaintiffs have no evidentiary support.

141.    The Plaintiffs herein have improperly commenced the within action for an improper purpose with a COMPLAINT that contains frivolous arguments and/or arguments that have no evidentiary support.  As such, the Plaintiffs herein are subject to FRCP Rule 11 sanctions.

<u>AS AND FOR A SECOND COUNTERCLAIM: PUNITIVE DAMAGES</u>

142.    Defendants repeat and reallege each of the allegations contained in paragraphs 1 through 141 as if fully set forth herein.

143.    The Plaintiffs' conduct in commencing the instant action is gross, wanton and/or willful.  Furthermore, such COMPLAINT served by the Plaintiffs is completely devoid of merit and palpably insufficient as a matter of law.

144.    The Plaintiffs' conduct in commencing the instant action was done with malicious intent toward the Defendants herein.  By improperly naming the attorneys retained by the Defendants herein in the COMPLAINT the Plaintiffs demonstrate wrongdoing to the public at large.

145.    Such wanton and reckless conduct demonstrate that the Plaintiffs maliciously seek to injure the Defendants.  As such, the Defendants herein are entitled to an award of punitive damages.

14

## AS AND FOR A THIRD COUNTERCLAIM: MALICIOUS PROSECUTION

146.    Defendants repeat and reallege each of the allegations contained in paragraphs 1 through 145 as if fully set forth herein.

147.    Plaintiffs filed the instant COMPLAINT with the intention increasing costs and attorneys fees for the Defendants.  Furthermore, Plaintiffs filed the instant COMPLAINT with the intention of causing the Defendants herein anguish, and/or distraction when there is no substantial basis for the suit.

148.    Plaintiffs filed the instant COMPLAINT with malice without cause to believe they can succeed.  As such, the Defendants herein are entitled to damages for the Plaintiffs malicious prosecution.

## AS AND FOR A FOURTH COUNTERCLAIM: ABUSE OF PROCESS

149.    Defendants repeat and reallege each of the allegations contained in paragraphs 1 through 148 as if fully set forth herein.

150.    The Plaintiffs herein are making an improper, illegal and perverted use of the legal process by commencing the above COMPLAINT.  Plaintiffs resort to file RICO claims against the Defendants is neither warranted nor authorized by law.

151.    The Plaintiffs herein have an ulterior motive in initiating the within COMPLAINT.  Plaintiffs conduct in misusing the legal procedure in a manner not contemplated by law is an abuse of process.

152.    Plaintiffs herein are utilizing the legal process to intimidate, harass and coerce the Defendant.  The Plaintiff is invoking the legal process to accomplish an unlawful end.  As such, the Defendants herein are entitled to damages for Plaintiffs abuse of process.

## AS AND FOR A FIFTH COUNTERCLAIM: SEEKING TO VIOLATE DEFENDANTS' CONSTITUTIONAL RIGHTS

153.    Defendants repeat and reallege each of the allegations contained in paragraphs 1 through 152 as if fully set forth herein.

154.    Plaintiff is seeking to violate the Defendants' constitutional rights by commencing the instant action. Plaintiffs herein are utilizing the legal process to intimidate, harass and coerce the Defendant.

155.    The Defendants herein have a right to commence a lawsuit to protect their rights. Plaintiff seek in this matter to deny the Defendants their constitutional rights by commencing this frivolous lawsuit.

156.    The Plaintiffs herein seek to deny the Defendants their First Amendment Rights as well as all other applicable rights afforded by the United States Constitution. As such, the Defendants herein are entitled to damages for the Plaintiffs' violation of Defendants' constitutional rights.

**WHEREFORE,** the Defendants demand judgment dismissing the Plaintiffs' COMPLAINT herein, together with the costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        December 7, 2007

Yours etc.

DAVID A. KAMINSKY & ASSOCIATES, P.C.
By: James English, Esq.
Attorneys for Defendants
325 Broadway - Suite 504
New York, New York 10007
(212) 571-1227

To:     McDonough & Artz, P.C.
        Attn: Curtis B. Gilfillan, Esq.
        117 Hawley Street
        P.O. Box 1740
        Binghamton, NY 13902-1740
        Bar Roll No.: CG 2229

16

**EXHIBIT A**

STATE OF NEW YORK
SUPREME COURT : COUNTY OF SUFFOLK

Index No. *07-06935*
Date Purchased: *2/27/07*

————————————————————

RHOBAR, INC., RHOBAR DEVELOPMENT
ASSOCIATES, LLC, ACKERLY ASSOCIATES,
LLC and SILVER HUNTINGTON ENTERPRISES,
LLC,

Plaintiffs designate Suffolk County
as the place of trial.

The basis of venue is Plaintiffs'
principal place of business.

Plaintiffs,

vs.

HOWARD SILVER, JOHN DOE and
RICHARD ROE being fictitious names,

Defendants.

*SUMMONS WITH NOTICE*

Plaintiffs' business address is:

124 East Jericho Turnpike
Huntington Station, NY 11746

County of Suffolk

————————————————————

To the above named Defendants

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:        February 23rd, 2007

McDONOUGH & ARTZ, P.C.
Kevin F. McDonough, Esq.
Attorneys for Plaintiffs

Office and P.O. Address:
117 Hawley Street
P.O. Box 1740
Binghamton, N.Y. 13902-1740
Telephone: (607) 772-6070

Defendant's Address:

Howard Silver
500 East 77th Street
Apt. 731
New York, NY

**FILED**

FEB 27 2007

Judith ... ascale
CLERK OF SUFFOLK COUNTY

The original Summons with Notice was filed in the Suffolk County Clerk's Office on February 27, 2007.

STATE OF NEW YORK
SUPREME COURT : COUNTY OF SUFFOLK

Index No *07-06435*
Date Purchased: *2/27/07*

RHOBAR, INC., RHOBAR DEVELOPMENT
ASSOCIATES, LLC, ACKERLY ASSOCIATES,
LLC and SILVER HUNTINGTON ENTERPRISES,
LLC,

Plaintiffs,

vs.

HOWARD SILVER, JOHN DOE and
RICHARD ROE being fictitious names,

Defendants.

Plaintiffs designate Suffolk County
as the place of trial.

The basis of venue is Plaintiffs'
principal place of business.

### *SUMMONS WITH NOTICE*

Plaintiffs' business address is:

124 East Jericho Turnpike
Huntington Station, NY 11746

County of Suffolk

To the above named Defendants

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:       February 23rd, 2007

McDONOUGH & ARTZ, P.C.
Kevin F. McDonough, Esq.
Attorneys for Plaintiffs

Office and P.O. Address:
117 Hawley Street
P.O. Box 1740
Binghamton, N.Y. 13902-1740
Telephone: (607) 772-6070

Defendant's Address:

Howard Silver
500 East 77th Street
Apt. 731
New York, NY

**FILED**

FEB 27 2007

Judith Pascale
CLERK OF SUFFOLK COUNTY

The original Summons with Notice was filed in the Suffolk County Clerk's Office on February 27, 2007.

STATE OF NEW YORK
SUPREME COURT : COUNTY OF SUFFOLK

---

RHOBAR, INC., RHOBAR DEVELOPMENT
ASSOCIATES, LLC, ACKERLY ASSOCIATES,
LLC and SILVER HUNTINGTON ENTERPRISES,
LLC,

                       Plaintiffs,

   vs.

HOWARD SILVER, JOHN DOE and
RICHARD ROE being fictitious names,

                   Defendants.

---

**VERIFIED
COMPLAINT**

Index No.: 07 - 06935

Plaintiffs, by and through their attorneys, McDonough & Artz, P.C. and Conway, Farrell, Curtin & Kelly, P.C., allege as follows:

1.    Plaintiff Rhobar, Inc. (hereinafter Rhobar) is and was at all times hereinafter mentioned a corporation incorporated under the laws of the State of New York with its principle office and place of business at 124 East Jericho Turnpike, Huntington Station, Suffolk County, New York.

2.    Plaintiff Rhobar Development Associates, LLC (hereinafter Rhobar Development) is and was at all times hereinafter mentioned a limited liability company organized under the laws of the State of New York with its principle office and place of business at 124 East Jericho Turnpike, Huntington Station, Suffolk County, New York.

3.    Plaintiff Ackerly Associates, LLC (hereinafter Ackerly) is and was at all times hereinafter mentioned a limited liability company organized under the laws of the State of New York with its principle office and place of business at 124 East Jericho Turnpike, Huntington Station, Suffolk County, New York.

4.    Plaintiff Silver Huntington Enterprises, LLC (hereinafter Silver Huntington) is and was at all times hereinafter mentioned a limited liability company organized under the laws of the State of New York with its principle office and place of business at 124 East Jericho Turnpike, Huntington Station, Suffolk County, New York.

5.    Upon information and belief, Defendant Howard Silver is an individual residing in New York County at 500 East 77th Street, Apt. 731, New York, New York.

6.    John Doe and Richard Roe are fictitious names for Defendants who, upon information and belief, conspired with Defendant Howard Silver as hereinafter more fully set forth.

7.    Silver Huntington has operated and conducted a catering business at 124 East Jericho Turnpike, Huntington Station, Suffolk County, New York since 1997.

8.    Silver Huntington has never held title to the real property known generally as 124 East Jericho Turnpike, Huntington Station, Suffolk County, New York.

9.    Rhobar, Rhobar Development and Ackerly are the title holders and owners of the real property generally known as 124 East Jericho Turnpike, Huntington Station, New York and upon which real property The Huntington Townhouse is located and conducts its business.

10.    Rhobar, Rhobar Development and Ackerly negotiated for some time with and entered into an agreement to sell the real property known generally as 124 East Jericho Turnpike, Town of Huntington, Suffolk County, New York to Lowe's Home Centers, Inc. on or about February 6, 2007, said closing anticipated to take place on or before March 31, 2007 but for Defendants' actions as hereinafter set forth.

11.    The purchase price to be paid for the premises is $38,500,000.00.

12.    The aforesaid premises has been actively marketed for over a year since the expenses of the property, including operation of the catering business, has averaged

2

$435,249.00 per month over income, over the last fifteen months, during the time Silver Huntington was conducting its catering operations.

13.    Expenses on the mortgages and taxes paid on the aforesaid property, as well as other real estate that was mortgaged with all proceeds used for operations of the catering business, total approximately $381,006.00 per month.

14    Upon information and belief, Defendant Howard Silver provided no monies towards the purchase of the aforesaid real property previously owned by Silver Huntington Realty, LLC and presently owned by Rhobar, Rhobar Development and Ackerly and has no interest in the real property.

15.    Upon information and belief, Defendant Howard Silver had and has no interest in Silver Huntington or Silver Huntington Realty, LLC, the later limited liability company being the predecessor in title to Rhobar, Rhobar Development and Ackerly and no interest in Rhobar, Rhobar Development and Ackerly.

16    Defendant Howard Silver represented to a Federal Court Magistrate on March 16, 1999 and in statements made in interviews prior to said court appearance that he had no ownership interest in The Huntington Townhouse and that his only asset was his ticket broker business.

17.    Upon information and belief, Defendant Howard Silver has received from Silver Huntington more than one million dollars over and above any monies Defendant allegedly paid to Silver Huntington, said overpayment of monies resulting from usurious interest rates charged by Defendant.

18.    On or about early January, 2007 Silver Huntington laid off the employees involved in booking new parties and events at The Huntington Townhouse having determined

3

that there would be no parties or events booked beyond March 31, 2007 in anticipation of a closing on the sale of the properties to Lowe's.

19.    Commencing on or about early January, 2007 employees of Silver Huntington began notifying individuals and companies that had booked parties or events at the Townhouse beyond March 31, 2007 that operations would shut down as of the aforesaid date and made arrangements for the individuals and businesses to hold their events at alternate sites at the same cost or, in the alternative, at the clients request, returned over $364,000.00 in deposits to clients involved in events past March 31, 2007.

20.    Commencing April 1, 2007 no further events, parties or any form of catering operation will occur at The Huntington Townhouse and no income will be generated by Plaintiff Silver Huntington to defray the expenses of the property and expenses of past operations.

21.    Upon information and belief, Defendants Howard Silver, John Doe and Richard Roe were aware that employees of Silver Huntington had been laid off and that no new events were being booked beyond March 31, 2007, and that refunds for events to be held after that date were being returned to clients and/or alternate arrangements at other catering sites were being made by Silver Huntington for clients who had booked events beyond March 31, 2007 and knew that the operations of The Huntington Townhouse would be closed effective March 31, 2007 and no further income would be received by Plaintiffs.

22.    Upon information and belief, the Defendant Howard Silver knew that if the closing of the sale to Lowe's did not take place, Silver Huntington would not be able to recapture business and book further events at the Townhouse and that there would be no income from operations and only continued expenses of tremendous amounts of money.

4

23.    Upon information and belief, on or before February 6, 2007 in New York City, New York and on Long Island, the Defendant, Howard Silver, conspired with persons unknown to Plaintiffs and maliciously and willfully entered into a scheme to file a frivolous and baseless Summons and Complaint along with a baseless and defective Notice of Pendency so as to interfere with and obstruct the sale and deprive Plaintiffs of the sale of their real property and from the proceeds of the sale and to extort money from the Plaintiffs that Defendant, Howard Silver, and the other Defendants were not entitled to.

24.    Upon information and belief, thereafter, on February 6, 2007 at the Suffolk County Clerk's Office in Suffolk County, New York in pursuance of said conspiracy, the Defendant Howard Silver and/or John Doe and/or Richard Roe caused a baseless and frivolous Summons and Complaint with baseless and defective Notice of Pendency to be filed all done by the Defendant Howard Silver or one or more persons unknown to Plaintiffs according to the plan of said conspiracy and for the purpose of defrauding and deceiving Plaintiffs, interfering with the contract and Plaintiffs' business relations, business operations and economic advantage and extorting money not owed Defendants.

25.    Upon information and belief, on or about February 6, 2007, Defendant Howard Silver and/or John Doe and/or Richard Roe wrongfully and with intent to harm Plaintiffs without excuse or justification, caused a baseless and defective Notice of Pendency to be filed in the Suffolk County Clerk's Office, along with a Summons and Complaint which did not raise claims which directly affect title to or the use and enjoyment of real property and which were filed in bad faith, but which has damaged Plaintiffs and which will delay the intended closing and which may cause additional grievous damage.

26.    Upon information and belief, by virtue of said baseless and defective Notice of Pendency, the sale of the real property upon which the Notice of Pendency was filed, which

5

is the same property covered by Plaintiffs' contract with Lowe's has been disrupted and delayed and Plaintiffs have been required to expend substantial time, effort and monies for legal fees and will sustain substantial damage as a result of delay in closing.

27.    Upon information and belief, the statements in the Complaint that Defendant Howard Silver jointly owned businesses and properties with Rhona Silver and that Rhona Silver agreed to hold 50% of the profits and capital of Silver Huntington and Silver Huntington Realty, LLC were false, fraudulent and intended to force Plaintiffs to pay monies to Defendants that were not otherwise owing or risk and/or lose the sale of the real property to Lowe's.

28.    Upon information and belief, Defendant Howard Silver's claims in his Complaint were not only false and fraudulent but were tortiously made and the defective and false Notice of Pendency filed to damage Plaintiffs and force them to pay monies to Defendants.

29.    Upon information and belief, the allegations and claims set forth in Defendant Howard Silver's Complaint and Notice of Pendency filed on February 6, 2007 were improperly, unfairly and dishonestly made with the intention of interfering with Plaintiffs' prospective contract and contract of sale and sale of the properties to Lowe's as well as Plaintiffs' other contracts.

30.    Upon information and belief, on and before February 6, 2007, the Defendant Howard Silver, John Doe and Richard Roe, who all had knowledge of Plaintiffs' impending contract of sale of real property, intentionally, willfully, maliciously and falsely stated and represented in the Complaint of Defendant Howard Silver that he was a joint owner of the properties to be sold and that said properties were being held on his behalf.

31.    Upon information and belief, Defendant Howard Silver's representations and statements were false and untrue and were made intentionally, maliciously, tortiously and

6

willfully, when he knew said statements were untrue and with wanton disregard to Plaintiffs' property rights and for the purposes of extorting from the Plaintiffs monies for which Plaintiffs were not indebted.

32.     Upon information and belief by reason of the foregoing, Plaintiffs have suffered damage in a sum as yet unknown and presently in an amount of not less than $1,113,690.00 but which damages may exceed $40,000,000.00 because of the acts and activities of the Defendants and because the aforesaid acts and activities were malicious, willful and in reckless disregard of Plaintiffs' property interest, Plaintiffs are entitled to punitive damages in a sum of not less than $10,000,000.00.

## AS AND FOR A FIRST CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH CONTRACT

33.     Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "32" with the same force and effect as if herein set forth in full.

34.     Upon information and belief, Defendants have tortiously interfered with the contract between the Plaintiffs Rhobar, Rhobar Development and Ackerly and Lowe's all to Plaintiffs' damage in the amount of at least $1,113,690.00 but which may exceed $40,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH BUSINESS OPERATIONS,
## BUSINESS RELATIONS AND ECONOMIC ADVANTAGE OF RHOBAR,
## RHOBAR DEVELOPMENT, ACKERLY AND SILVER HUNTINGTON

35.     Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "34" with the same force and effect as if herein set forth in full.

36.     Upon information and belief, Defendants' actions have tortiously interfered with the economic advantage, business operations and business relations of Silver Huntington,

7

Rhobar, Rhobar Development and Ackerly all to said companies' damage in the amount of at least $1,113,690.00 but which may exceed $40,000,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION
### ABUSE OF PROCESS

37.    Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "36" with the same force and effect as if herein set forth in full.

38.    Upon information and belief, Defendants' actions affected Plaintiffs' property rights and were an abuse of process all to Plaintiffs' damage in the amount of at least $1,113,690.00 and which may exceed $40,000,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION
### PRIMA FACIE TORT

39.    Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "38" with the same force and effect as if herein set forth in full.

40.    Upon information and belief, in the alternative, the statements and demands set forth in Defendant Howard Silver's Complaint and Notice of Pendency filed February 6, 2007 were intentionally made for the purpose of inflicting harm upon Plaintiffs, without excuse or justification, by an act which would otherwise be lawful.

41.    Upon information and belief, that by reason of the foregoing, Plaintiffs have suffered damages in an amount of at least $1,113,690.00 and which may exceed $40,000,000.00.

**WHEREFORE,** Plaintiffs demand judgment in an amount to be proven at trial of at least $1,113,690.00 on the first cause of action and up to $40,000,000.00 on said cause of action; in the amount of at least $1,113,690.00 on the second cause of action and up to $40,000,000.00 on said cause of action; in the amount of at least $1,113,690.00 on the third cause of action and up to $40,000,000.00 on said cause of action; in the amount of at least

8

$1,113.690.00 on the fourth cause of action and up to $40,000,000.00 on said cause of action; and $10,000,000.00 in punitive damages as shall be determined at trial, together with costs and disbursements of this action and such other and further relief as the Court deems just and proper.

Dated:    February 23, 2007

Kevin F. McDonough, Esq.
McDonough & Artz, P.C.
Attorneys for Plaintiffs
117 Hawley Street
P.O. Box 1740
Binghamton, NY 13902-1740

9

<u>**VERIFICATION**</u>

STATE OF NEW YORK   :
                    :  ss.
COUNTY OF BROOME    :

BARRY G. NEWMAN, being sworn says:  I am the Managing Member of Rhobar Development Associates, LLC and Ackerly Associates, LLC and an Officer of Rhobar, Inc., Plaintiffs in the action herein; I have read the annexed **Summons and Complaint**, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief as to those matters not stated upon knowledge is based upon the following  <u>discussions with other members and review of records</u>.

I am making this verification on behalf of the Plaintiffs since we are united in interests and pleading together.

_____
Barry G. Newman

Sworn to before me this
23rd  day of February, 2007.

_Patricia Olson_
Notary Public

Public, State of New York
No  01OL6113776
...iding In Broome County
8-2-8

PLEASE TAKE NOTICE

☐ that the within is a (certified) true copy of a
the clerk of the within named Court on
entered in the office of

☐ that an Order of which the within is a true copy
will be presented for settlement to the
Honorable one of the
judges of the within named Court, at
, on
at

Dated:

**DAVID A. KAMINSKY & ASSOCIATES, P.C.**
Attorney for

325 BROADWAY - SUITE 504
NEW YORK, NEW YORK 10007

Dated:

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney
admitted to practice in the courts of New York State, certifies that,
upon information and belief and reasonable inquiry, (1) the
contentions contained in the annexed document are not frivolous
and that (2) if the annexed document is an initiating pleading, (i)
the matter was not obtained through illegal conduct, or that if it
was, the attorney or other persons responsible for the illegal
conduct are not participating in the matter or sharing in any fee
earned therefrom and that (ii) if the matter involves potential
claims for personal injury or wrongful death, the matter was not
obtained in violation of 22 NYCRR 1200.41.

Signed: James A. English, Esq.
December 7, 2007

**DAVID A. KAMINSKY & ASSOCIATES, P.C.**
Attorney for

325 BROADWAY - SUITE 504
NEW YORK, NEW YORK 10007

To

Attorney(s) for

To

Attorney(s) for

---

07 CIV 6100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RHOBAR, INC., RHOBAR DEVELOPMENT
ASSOCIATES, LLC, ACKERLY ASSOCIATES,
LLC, SILVER HUNTINGTON ENTERPRISES,
LLC, and SILVER HUNTINGTON REALTY, LLC,

Plaintiffs,

-against-

HOWARD SILVER, 2 ON THE AISLE, INC.,
DAVID A. KAMINSKY & ASSOCIATES, P.C.,
MARTIN G. DOBIN, ESQ. a/k/a JERRY DOBIN, ESQ.,
and ELLIOT J. HURDY,

Defendants.

**AMENDED NOTICE OF APPEARANCE, ANSWER TO
COMPLAINT UNDER THE RACKETEER INFLUENCED
AND CORRUPT ORGANIZATIONS ACTS WITH
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

**DAVID A. KAMINSKY & ASSOCIATES, P.C.**
Attorney for
DEFENDANTS DAVID A. KAMINSKY & ASSOCIATES, P.C.,
MARTIN G. DOBIN, ESQ. a/k/a JERRY DOBIN, ESQ., and
HOWARD SILVER
325 BROADWAY - SUITE 504
NEW YORK, NEW YORK 10007
(212) 571-1227

To

Attorney(s) for

Service of a copy of the within
is hereby admitted.

Dated,

Attorney(s) for

ALL-STATE INTERNATIONAL, INC.
6107-BE - 6706-EL - 67106-QY - 67110-WH

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                              ) ss

COUNTY OF NEW YORK   )

Woodrow Chen, being duly sworn, deposes and says that:

1.     I am not a party to this action, am over 18 years of age, and reside in the County of Queens, State of New York.

2.     On December 7, 2007, I served the within **AMENDED NOTICE OF APPEARANCE, ANSWER TO COMPLAINT UNDRR THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS,** by first-class mail, by depositing true copies thereof, in post-paid sealed wrappers, properly addressed, to the addresses below, in a post office's official depository, under exclusive care and custody of the United States Postal Service within the New York State:

McDONOUGH & ARTZ, P.C.
Attn: Curtis B. Gilfillan, Esq.
Attorneys for Plaintiffs
117 Hawley Street
P. O. Box 1740
Binghamton, NY 13902-1740

CONWAY, FARRELL, CURTIN & KELLY, P.C.
Attorneys for Plaintiffs
48 Wall Street, 20th Floor
New York, NY 10005

WOODROW CHEN

Sworn to before me this
7th Day of December 2007

NOTARY PUBLIC

JAMES ENGLISH
Notary Public, State of New York
No. 02EN6113341
Qualified in Queens County
Commission Expires 07/28/20 08