UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
RHOBAR, INC., RHOBAR DEVELOPMENT
ASSOCIATES, LLC., ACKERLY ASSOCIATES, LLC.,    Case No: 07 Civ. 6100
SILVER HUNTINGTON ENTERPRISES, LLC.,    (BSJ) (HBP)
and SILVER HUNTINGTON REALTY, LLC.,

                  Plaintiffs,    **SECOND
AMENDED
NOTICE OF APPEARANCE
ANSWER TO COMPLAINT
UNDER THE RACKETEER
INFLUENCED AND
CORRUPT ORGANIZATIONS
ACT WITH AFFIRMATIVE
DEFENSES AND
<u>COUNTERCLAIMS</u>**

     -against-


HOWARD SILVER, 2 ON THE AISLE, INC.,
DAVID A. KAMINSKY & ASSOCIATES, P.C.,
MARTIN G. DOBIN, ESQ., a/k/a JERRY DOBIN, ESQ.,
and ELLIOT J. HURDY,

                Defendants.
-----------------------------------------------------------------------X

**PEOPLE:**

       **DEFENDANTS** DAVID A. KAMINSKY & ASSOCIATES, P.C., MARTIN G.

DOBIN, ESQ., a/k/a JERRY DOBIN, ESQ. and HOWARD SILVER hereby appear by

their attorneys DAVID A. KAMINSKY & ASSOCIATES, P.C.

       **PLEASE TAKE NOTICE** that said Defendants hereby interpose the following

answer to the COMPLAINT UNDER THE RACKETEER INFLUENCED AND

CORRUPT ORGANIZATIONS ACT (hereinafter "COMPLAINT"):

       1.     Deny knowledge or information sufficient to form a belief as to the

contents of paragraph (1) of the COMPLAINT.

2.      Deny knowledge or information sufficient to form a belief as to the contents of paragraph (2) of the COMPLAINT.

3.      Deny knowledge or information sufficient to form a belief as to the contents of paragraph (3) of the COMPLAINT.

4.      Deny knowledge or information sufficient to form a belief as to the contents of paragraph (4) of the COMPLAINT.

5.      Deny knowledge or information sufficient to form a belief as to the contents of paragraph (5) of the COMPLAINT.

6.      Admit the contents of paragraph (6) of the COMPLAINT.

7.      Deny knowledge or information sufficient to form a belief as to the contents of paragraph (7) of the COMPLAINT.

8.      Admit the contents of paragraph (8) of the COMPLAINT.

9.      Admit the contents of paragraph (9) of the COMPLAINT.

10.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (10) of the COMPLAINT.

11.     State that paragraph (11) of the COMPLAINT contains only statements of law not requiring a response and respectfully refers the Court to the statutes cited for their terms.

12.     State that paragraph (12) of the COMPLAINT contains only statements of law not requiring a response and respectfully refers the Court to the statutes cited for their terms.

13.     Deny the allegations of paragraph (13) of the COMPLAINT.

14.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (14) of the COMPLAINT.

15.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (15) of the COMPLAINT.

16.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (16) of the COMPLAINT.

17.     Deny the allegations of paragraph (17) of the COMPLAINT.

18.     Deny the allegations of paragraph (18) of the COMPLAINT.

19.     Deny the allegations of paragraph (19) of the COMPLAINT.

20.     Deny the allegations of paragraph (20) of the COMPLAINT.

21.     Deny the allegations of paragraph (21) of the COMPLAINT.

22.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (22) of the COMPLAINT.

23.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (23) of the COMPLAINT.

24.     Deny the allegations of paragraph (24) of the COMPLAINT.

25.     Deny the allegations of paragraph (25) of the COMPLAINT.

26.     Admits lawsuit against Rhona Silver but Denies the remainder of the allegations of paragraph (26) of the COMPLAINT.

27.     Deny the allegations of paragraph (27) of the COMPLAINT.

28.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (28) of the COMPLAINT.

29.     Deny the allegations of paragraph (29) of the COMPLAINT.

30.     Deny the allegations of paragraph (30) of the COMPLAINT.

31.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (31) of the COMPLAINT.

32.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (32) of the COMPLAINT.

33.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (33) of the COMPLAINT.

34.     Deny the allegations of paragraph (34) of the COMPLAINT.

35.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (35) of the COMPLAINT.

36.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (36) of the COMPLAINT.

37.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (37) of the COMPLAINT.

38.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (38) of the COMPLAINT.

39.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (39) of the COMPLAINT.

40.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (40) of the COMPLAINT.

41.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (41) of the COMPLAINT.

42.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (42) of the COMPLAINT.

43.     Deny the allegations of paragraph (43) of the COMPLAINT.

44.     Deny knowledge or information sufficient to form a belief as to the contents of paragraph (44) of the COMPLAINT.

45.    Deny the allegations of paragraph (45) of the COMPLAINT.

46.    Deny the allegations of paragraph (46) of the COMPLAINT.

47.    Deny the allegations of paragraph (47) of the COMPLAINT.

48.    Admits a criminal complaint Deny the allegations of paragraph (48) of the

COMPLAINT.

49.    Deny the allegations of paragraph (49) of the COMPLAINT.

50.    Deny the allegations of paragraph (50) of the COMPLAINT.

51.    Deny the allegations of paragraph (51) of the COMPLAINT.

52.    Deny the allegations of paragraph (52) of the COMPLAINT.

53.    Deny the allegations of paragraph (53) of the COMPLAINT.

54.    Deny the allegations of paragraph (54) of the COMPLAINT.

55.    Deny the allegations of paragraph (55) of the COMPLAINT.

56.    Deny the allegations of paragraph (56) of the COMPLAINT.

57.    Deny the allegations of paragraph (57) of the COMPLAINT.

58.    Deny the allegations of paragraph (58) of the COMPLAINT.

59.    Deny the allegations of paragraph (59) of the COMPLAINT.

60.    Deny the allegations of paragraph (60) of the COMPLAINT.

61.    Deny the allegations of paragraph (61) of the COMPLAINT.

62.    Deny the allegations of paragraph (62) of the COMPLAINT.

63.    Deny the allegations of paragraph (63) of the COMPLAINT.

64.    Deny the allegations of paragraph (64) of the COMPLAINT.

65.    Deny the allegations of paragraph (65) of the COMPLAINT.

66.    Deny the allegations of paragraph (66) of the COMPLAINT.

67.    Deny the allegations of paragraph (67) of the COMPLAINT.

68.    Deny the allegations of paragraph (68) of the COMPLAINT.

69.    Deny the allegations of paragraph (69) of the COMPLAINT.

70.    Deny the allegations of paragraph (70) of the COMPLAINT.

71.    Deny the allegations of paragraph (71) of the COMPLAINT.

72.    Deny the allegations of paragraph (72) of the COMPLAINT.

73.    Deny the allegations of paragraph (73) of the COMPLAINT.

74.    Deny the allegations of paragraph (74) of the COMPLAINT.

75.    Deny the allegations of paragraph (75) of the COMPLAINT.

76.    Deny the allegations of paragraph (76) of the COMPLAINT.

77.    Deny the allegations of paragraph (77) of the COMPLAINT.

78.    Deny the allegations of paragraph (78) of the COMPLAINT.

79.    Deny the allegations of paragraph (79) of the COMPLAINT.

80.    Deny the allegations of paragraph (80) of the COMPLAINT.

81.    Deny the allegations of paragraph (81) of the COMPLAINT.

82.    Deny the allegations of paragraph (82) of the COMPLAINT.

83.    Deny the allegations of paragraph (83) of the COMPLAINT.

84.    Deny the allegations of paragraph (84) of the COMPLAINT.

85.    Deny the allegations of paragraph (85) of the COMPLAINT.

86.    Deny the allegations of paragraph (86) of the COMPLAINT.

87.    Deny the allegations of paragraph (87) of the COMPLAINT.

88.    Deny the allegations of paragraph (88) of the COMPLAINT.

89.    Deny the allegations of paragraph (89) of the COMPLAINT.

90.    Deny the allegations of paragraph (90) of the COMPLAINT.

91.    Deny the allegations of paragraph (91) of the COMPLAINT.

92.     Deny the allegations of paragraph (92) of the COMPLAINT.

93.     Deny the allegations of paragraph (93) of the COMPLAINT.

94.     Deny the allegations of paragraph (94) of the COMPLAINT.

95.     Deny the allegations of paragraph (95) of the COMPLAINT.

96.     Deny the allegations of paragraph (96) of the COMPLAINT.

97.     Deny the allegations of paragraph (97) of the COMPLAINT.

### AS AND FOR A FIRST SEPARATE DEFENSE:  FAILURE TO STATE A CLAIM

98.     The Plaintiffs have failed to state a claim under the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") statute *18 U.S.C. §§ 1961-1968 (2000)*.  In particular, the Plaintiffs have failed to allege with particularity any of the elements required by the statute, including but not limited to: conduct of an enterprise, through a pattern of racketeering activity or conspiracy to engage therein, or collection of unlawful debt or conspiracy to engage therein.

99.     The Plaintiffs have failed to allege *conduct* within the meaning of the RICO statute by any of the Defendants herein.  Plaintiffs' pleading are conclusory and fail to show that the Defendants conducted or participated in the conduct of the affairs of an enterprise through a pattern of racketeering activity as required by *§1962(c)*.

100.     The Plaintiffs have failed to allege how the Defendants herein were an *enterprise* within the meaning of the RICO statute. The Plaintiffs have failed to plead with any specificity that the Defendants herein are a continuing unit that has some type of organization and constitutes an entity separate and apart from the alleged pattern of racketeering alleged by the Plaintiffs as required by *§1962(c)*.

101.     The Plaintiffs have failed to allege a *pattern* within the meaning of the RICO statute.  Plaintiffs have failed to plead with specificity that any of the alleged

racketeering acts by the Defendants "are related" and "amount to or pose the threat of continued criminal activity".  Furthermore, the Pleadings in the Complaint fail to set forth that said conduct have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events as required by §1962(c).

102.    The Plaintiffs have failed to appropriately allege any racketeering activity at all, or any conspiracy to engage therein, by the Defendants herein.  Plaintiffs' pleadings provide conclusory allegations of criminal conduct on behalf of the Defendants herein and fail to assert any racketeering activity, or conspiracy to engage therein, at all.

103.    The Plaintiffs have failed to appropriately allege any activity concerning collection of unlawful debt at all, or any conspiracy to engage therein, by the Defendants herein.  Plaintiffs' pleadings provide conclusory allegations of criminal conduct on behalf of the Defendants herein and fail to assert any activity concerning collection of unlawful debt, or conspiracy to engage therein, at all.  Therefore, the COMPLAINT must be dismissed for failure to state a claim.

### AS AND FOR A SECOND SEPARATE DEFENSE:  FAILURE TO PLEAD WITH PARTICULARITY

104.    The Plaintiff has failed to plead the Defendants alleged fraudulent activity with particularity as provided by *FRCP Rule 9(b)*.  As such, the COMPLAINT must be dismissed.

105.    Count I of the COMPLAINT provides at paragraph 53, 57 and 58 refer to alleged conduct by the Defendants herein a "*fraudulent scheme*" which resulted in damages to the Plaintiffs.

106.    The COMPLAINT fails to plead with particularity any alleged facts of a fraudulent scheme by the Defendant herein as required by *FRCP Rule 9(b)*.  The

COMPLAINT sets forth alleged fraudulent schemes which allegedly began in or around January of 1998 through March of 2004 which is before Defendants David A. Kaminsky & Associates, P.C. and/or Jerry Dobin commenced the lawsuit of which the Plaintiffs complain.

107.    As such, the Plaintiffs herein have failed to allege fraudulent activity with particularity as provided by *FRCP Rule 9(b).*

### AS AND FOR A THIRD SEPARATE DEFENSE:  STATUTE OF LIMITATIONS

108.    Plaintiffs' claims in the COMPLAINT are barred by the applicable statute of limitations.

### AS AND FOR A FOURTH SEPARATE DEFENSE:  FAILURE TO MITIGATE

109.    Plaintiffs failed to mitigate any of the alleged damages claimed by the Plaintiffs in the COMPLAINT.  Plaintiffs failed to take adequate precautions before the pending sale of the property in the COMPLAINT.

110.    There is no assurance that the sale of the property would have closed irrespective of any conduct or actions by the Defendants herein.  The closing of a sale of property for so much money is indeed a complex transaction that has no guarantee of actually closing.

111.    Furthermore, proper judgment in avoiding the loss of any operating expenses was not the obligation of any of the Defendants in this matter.  The Plaintiffs were under an obligation to mitigate any damages and make the appropriate business decisions.

### AS AND FOR A FIFTH SEPARATE DEFENSE:  EQUITABLE ESTOPPEL

112.    Defendants served out a summons and complaint and filed a notice of pendency which is the subject of the Plaintiffs claims herein.  Plaintiffs herein served an Answer to Complaint dated May 25, 2007.

113.    At that time Plaintiffs herein failed to raise any issue with regard to the RICO claims asserted herein.  Plaintiffs failed to seek removal of the case to Federal Court under the RICO statute.

114.    Plaintiffs Answer To Complaint asserts many of the same claims made in the COMPLAINT.  Plaintiffs asserted a counterclaim in said Answer but failed to raise any of the claims asserted herein under the RICO statute.  As such, the Plaintiffs claims are barred by equitable estoppel.

### AS AND FOR A SIXTH SEPARATE DEFENSE:  NO STANDING

115.    Plaintiffs claim fail to demonstrate standing as required by *18 U.S.C. § 1962*.  Plaintiffs who bring civil RICO claims pursuant to 18 U.S.C. § 1962 must show damage to their business or property as a result of defendants' conduct.

116.    Because the Plaintiffs herein failed to allege any tangible harm to their business or property, the court must hold their RICO claims nonviable.

117.    Plaintiffs allege in their COMPLAINT that they discontinued the operation of their business.  Plaintiffs did not allege that they discontinued the operation of the business as a result of any actions by the Defendants herein.

118.    As such, Defendants herein cannot be held responsible for the alleged damages of Plaintiffs due to the discontinued the operation of the business.

119.    Furthermore, Plaintiffs failed to plead how any of the actions of the Defendants herein has damaged or injured Plaintiffs with respect to the sale of the

business.  Plaintiffs have not pleaded that any actions of the Defendants herein has

resulted in the Plaintiffs being prevented from selling the property indefinitely.

120.    As such, Plaintiffs have no standing pursuant to *18 U.S.C. § 1962.*

AS AND FOR A SEVENTH SEPARATE DEFENSE:  NO PROXIMATE CAUSE

121.    Plaintiff fails to plead any proximate cause between any of the actions of

the Defendants herein and any damages or injuries to the Plaintiff.

122.    Plaintiffs allege in their COMPLAINT that they discontinued the

operation of their business on their own accord in anticipation for a pending sale.

Plaintiffs did not allege that they discontinued the operation of the business as a result of

any actions by the Defendants herein.

123.    As such, Defendants herein cannot be held responsible for the alleged

damages of Plaintiffs due to the discontinued the operation of the business.

124.    Furthermore, Plaintiffs failed to plead how any of the actions of the

Defendants herein has damaged or injured Plaintiffs with respect to the sale of the

business.  Plaintiffs have not pleaded that any actions of the Defendants herein has

resulted in the Plaintiffs being prevented from selling the property indefinitely.

125.    As such, Plaintiffs have failed to prove any proximate cause between the

Defendants actions herein and any damages or injuries suffered by Plaintiffs.

AS AND FOR A EIGHTH SEPARATE DEFENSE:  WAIVER

126.    Defendants served out a summons and complaint and filed a notice of

pendency which is the subject of the Plaintiffs RICO claims herein.  The Plaintiffs herein

served an Answer to Complaint dated May 25, 2007.

127.    The Defendants Answer to Complaint failed to raise any issue with regard to the RICO claims asserted herein.  Plaintiffs further failed to seek removal of the case to Federal Court under the RICO statute.

128.    Plaintiffs Answer To Complaint asserts many of the same claims made in the COMPLAINT herein.  Plaintiffs asserted a counterclaim in said Answer but failed to raise any of the claims asserted herein under the RICO statute.  As such, the Plaintiffs claims under the RICO statute herein are barred by waiver.

### AS AND FOR AN NINTH SEPARATE DEFENSE: IMPROPER SPLITTING CAUSES OF ACTION

129.    The Plaintiffs herein have improperly split a single and indivisible claim or cause of action and have improperly bought separate suits in the New York State Supreme Court, Suffolk County and the United States District Court, Southern District of New York, based upon said single and indivisible claim or cause of action.

130.    The Plaintiffs herein served a Verified Complaint filed in Suffolk County on February 27, 2007 (the "Verified Complaint") and annexed hereto as **Exhibit "A."** Said Verified Complaint sought damages with respect to Defendants Howard Silver, John Doe and Richard Roe for causes of action in alleged tortious interference with contract, tortious interference with business operations, business relations and economic advantage of Rhobar, Rhobar Development, Ackerly and Silver Huntington, abuse of process and prima facie tort.

131.    The alleged RICO claims in the instant COMPLAINT are based upon the single and indivisible claims or causes of action in the Verified Complaint mentioned above.   The Constitution does not give every person asserting a federal right one unencumbered opportunity to litigate that right in a federal district court, regardless of the legal posture in which the federal claim arises.

12

132.    Under the "entire controversy" doctrine, a party who has elected not to raise a related part of the controversy is barred from raising it in a subsequent proceeding.

<u>AS AND FOR A TENTH SEPARATE DEFENSE: GOOD FAITH</u>

133.    The Defendant HOWARD SILVER herein served a Summons and Verified Complaint dated February 6, 2007 upon RHONA SILVER, HUNTINGTON TOWNHOUSE, HUNTINGTON TOWNHOUSE, INC., NEW HUNTINGTON TOWNHOUSE, HUNTINGTON REALTY, LLC, SILVER HUNTINGTON TOWNHOUSE, SILVER HUNTINGTON REALTY, LLC, HUNTINGTON ENTERPRISES, LLC, RHOBAR DEVELOPMENT ASSOCIATES, LLC, RHOBAR, INC., RHONA SILVER ENTERPRISES-ALF LLC, RHONA SILVER ENTERPRISES-EXPO LLC, RHONA SILVER ENTERPRISES-HOTEL, LLC.

134.    The Defendant HOWARD SILVER herein further served an Amended Summons and Verified Complaint dated February 8, 2007 upon the above named Defendants and also BARRY NEWMAN and ACKERLY ASSOCIATES, LLC.

135.    Said Summons and Verified Complaint and Amended Summons and Verified Complaint were served in good faith upon all named Defendants in that action seeking an accounting, constructive trust and joint venture against the named Defendants.

136.    The Defendants herein mailed said Summons and Verified Complaint and Amended Summons and Verified Complaint with the genuine belief that the information therein is true.

137.    Furthermore, any telephone calls and facsimiles sent to the above named Defendants or the Defendants' attorneys were made in good faith with the genuine belief that all the information provided in such telephone calls and facsimiles were true.

138.    The Plaintiffs herein have improperly based the RICO claims in the instant COMPLAINT upon service of the Summons and Verified Complaint and Amended Summons and Verified Complaint by the Defendants herein.  Because said papers were served by the Defendants herein good faith with the genuine belief that the information contained therein is true, the instant COMPLAINT must be dismissed.

<u>AS AND FOR A FIRST COUNTERCLAIM: SANCTIONS</u>

139.    Defendants repeat and reallege each of the allegations contained in paragraphs 1 through 138 as if fully set forth herein.

140.    The instant COMPLAINT has been served by the Plaintiffs herein for the improper purposes of harassing the Defendants.  Furthermore, the instant COMPLAINT has been served by the Plaintiffs in an effort to needlessly increase the cost of litigation between the parties.

141.    Furthermore, the claims and other legal contentions by the Plaintiffs herein are unwarranted by existing law.  The allegations and other factual contentions by the Plaintiffs have no evidentiary support.

142.    The Plaintiffs herein have improperly commenced the within action for an improper purpose with a COMPLAINT that contains frivolous arguments and/or arguments that have no evidentiary support.  As such, the Plaintiffs herein are subject to FRCP Rule 11 sanctions.

<u>AS AND FOR A SECOND COUNTERCLAIM: PUNITIVE DAMAGES</u>

143.    Defendants repeat and reallege each of the allegations contained in paragraphs 1 through 142 as if fully set forth herein.

144.    The Plaintiffs' conduct in commencing the instant action is gross, wanton and/or willful.  Furthermore, such COMPLAINT served by the Plaintiffs is completely devoid of merit and palpably insufficient as a matter of law.

145.    The Plaintiffs' conduct in commencing the instant action was done with malicious intent toward the Defendants herein.  By improperly naming the attorneys retained by the Defendants herein in the COMPLAINT the Plaintiffs demonstrate wrongdoing to the public at large.

146.    Such wanton and reckless conduct demonstrate that the Plaintiffs maliciously seek to injure the Defendants.  As such, the Defendants herein are entitled to an award of punitive damages.

AS AND FOR A THIRD COUNTERCLAIM: MALICIOUS PROSECUTION

147.    Defendants repeat and reallege each of the allegations contained in paragraphs 1 through 146 as if fully set forth herein.

148.    Plaintiffs filed the instant COMPLAINT with the intention increasing costs and attorneys fees for the Defendants.   Furthermore, Plaintiffs filed the instant COMPLAINT with the intention of causing the Defendants herein anguish, and/or distraction when there is no substantial basis for the suit.

149.    Plaintiffs filed the instant COMPLAINT with malice without cause to believe they can succeed.  As such, the Defendants herein are entitled to damages for the Plaintiffs malicious prosecution.

AS AND FOR A FOURTH COUNTERCLAIM: ABUSE OF PROCESS

150.    Defendants repeat and reallege each of the allegations contained in paragraphs 1 through 149 as if fully set forth herein.

151.    The Plaintiffs herein are making an improper, illegal and perverted use of the legal process by commencing the above COMPLAINT.  Plaintiffs resort to file RICO claims against the Defendants is neither warranted nor authorized by law.

152    The Plaintiffs herein have an ulterior motive in initiating the within COMPLAINT.  Plaintiffs conduct in misusing the legal procedure in a manner not contemplated by law is an abuse of process.

153.    Plaintiffs herein are utilizing the legal process to intimidate, harass and coerce the Defendant.  The Plaintiff is invoking the legal process to accomplish an unlawful end.  As such, the Defendants herein are entitled to damages for Plaintiffs abuse of process.

## AS AND FOR A FIFTH COUNTERCLAIM: SEEKING TO VIOLATE DEFENDANTS' CONSTITUTIONAL RIGHTS

154.    Defendants repeat and reallege each of the allegations contained in paragraphs 1 through 153 as if fully set forth herein.

155.    Plaintiff is seeking to violate the Defendants' constitutional rights by commencing the instant action.  Plaintiffs herein are utilizing the legal process to intimidate, harass and coerce the Defendant.

156.    The Defendants herein have a right to commence a lawsuit to protect their rights.  Plaintiff seek in this matter to deny the Defendants their constitutional rights by commencing this frivolous lawsuit.

157.    The Plaintiffs herein seek to deny the Defendants their First Amendment Rights as well as all other applicable rights afforded by the United States Constitution.  As such, the Defendants herein are entitled to damages for the Plaintiffs' violation of Defendants' constitutional rights.

**WHEREFORE,** the Defendants demand judgment dismissing the Plaintiffs'

COMPLAINT herein, together with the costs and disbursements of this action, and such

other and further relief as this Court deems just and proper.

Dated:  New York, New York
        February 29, 2008

                                    Yours etc.

                                    DAVID A. KAMINSKY & ASSOCIATES, P.C.
                                    By: James English, Esq.
                                    Attorneys for Defendants
                                    325 Broadway - Suite 504
                                    New York, New York 10007
                                    (212) 571-1227

To:     McDonough & Artz, P.C.
        Attn: Curtis B. Gilfillan, Esq.
        117 Hawley Street
        P.O. Box 1740
        Binghamton, NY 13902-1740
        Bar Roll No.: CG 2229