UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RHOBAR, INC., RHOBAR DEVELOPMENT ASSOCIATES, LLC., ACKERLY ASSOCIATES, LLC., SILVER HUNTINGTON ENTERPRISES, LLC., and SILVER HUNTINGTON REALTY, LLC.,

PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURE

CASE NO.: 07 CIV 6100

Plaintiffs,

-against-

HOWARD SILVER, 2 ON THE AISLE, INC., DAVID A. KAMINSKY & ASSOCIATES, P.C., MARTIN G. DOBIN, ESQ., a/k/a JERRY DOBIN, ESQ., and ELLIOT J. HURDY,

Defendants.

DAVID A. KAMINSKY & ASSOCIATES, P.C., MARTIN G. DOBIN, ESQ. a/k/a JERRY DOBIN, ESQ. and HOWARD SILVER,

Counterclaimants,

-against-

RHOBAR, INC., RHOBAR DEVELOPMENT ASSOCIATES, LLC., ACKERLY ASSOCIATES, LLC., SILVER HUNTINGTON ENTERPRISES, LLC., and SILVER HUNTINGTON REALTY, LLC.,

Counterdefendants.

Plaintiffs, as to Rule 26(a)(1) initial disclosure states as follows:

A. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, and the subjects of the information are as follows

1. Rhona Silver, 70 Burton Avenue, Woodmere, NY 11598, (631) 484-6693. Ms. Silver will testify on the subject of the purchase of the Huntington Townhouse and the funds used for purchase and, in general, the 62 usurious loans and Defendant's unlawful debt collection tactics, her lack of involvement in those loans arranged between Elliot Hurdy and Howard Silver and her lack of involvement in the repayment of those loans

by Silver Huntington Enterprises, LLC; the frivolous lawsuit commenced by Elliot J. Hurdy claiming a 50% ownership of the Huntington Townhouse. Ms. Silver will also testify on the frivolous law suit commenced by Howard Silver claiming a 50% ownership of the Huntington Townhouse filed along with a notice of pendency on February 7, 2007, the day after Newsday published an article February 6, 2007 stating that the property was being sold and that the closing was to take place February 7, 2007; the fax transmission of the complaint and notice of pendency to Ms. Silver and Lowe's, the entity purchasing the property. Ms. Silver will testify to the various motions made to dismiss the complaint and notice of pendency; the amended complaint and amended notice of pendency; the attempts by Plaintiff to obtain a receiver; the attempts by Plaintiff to obtain temporary restraining orders and preliminary injunction; the appeals of the Plaintiff, Howard Silver, from the determination dismissing the notice of pendency and amended notice of pendency and denial of a receiver, and the failure to prosecute that appeal; the improper attempt to obtain a temporary restraining order in the Appellate Division, 2nd Department, the unsuccessful attempt to obtain leave to appeal and third attempt at a TRO as well as that law suit. Ms. Silver will testify as to Howard Silver's lengthy history of problems with the law, his arrest and prosecution for threats made upon employees of the catering group operating the Huntington Townhouse, his arraignment before U.S. Magistrate Arlene R. Lindsay on March 16, 1999 in which Howard Silver advised the Magistrate that he had no ownership interest in Huntington Townhouse and that his only asset was the ticket broker business and he made $80,000 some odd dollars in 1997, and the pre-trial investigative services report prior to arraignment where he said he owned only the ticket broker business. Ms. Silver will testify on her obtaining a restraining order against the Defendant Howard Silver on or about April 10, 2007 due to his threats made to Ms. Silver's mother, Pearl Silver, that he would kill Rhona Silver if she didn't settle the frivolous law suit that Howard Silver had commenced; and her involvement with the Nassau County Police Department 4th Precinct, the Detective and District Attorney involved. Ms. Silver will testify that no monies were provided by Howard Silver to purchase the Townhouse and any monies believed provided by Howard Silver afterwards were loaned at usurious interest and repaid with usurious interest. Ms. Silver will testify that Howard Silver made no demands for a 50% interest in the profits and capital of Silver Huntington Enterprises, LLC, Silver Huntington Realty, LLC or any company that Ms. Silver is involved in and that she was the sole owner and member. Ms. Silver will testify that there have been no demands for repayment of monies claimed by Howard Silver other than his threat to kill her and that there are no company documents, tax returns or financial record showing any such claimed 50% interest. Ms. Silver will testify as to loans and mortgages she took on other properties to obtain monies to support the Townhouse operation and Howard Silver's non-performance of any services for the Huntington Townhouse.

2. Thomas Kellerman, 34 Bert Avenue, Westbury, NY 11590, (631) 484-7350. Mr. Kellerman will testify as to the various records of the companies, including a schedule that he prepared of the usurious loans, which is annexed to the complaint in this

a schedule that he prepared of the usurious loans, which is annexed to the complaint in this action, including the interest rates paid. Mr. Kellerman will testify that he had no involvement in the loans and was told to make the payments by Elliot J. Hurdy based on Howard Silver's demands. Mr. Kellerman will testify as to the costs of operating the facility, including making payment on loans, mortgages, insurance and taxes, including through the closing of the sale to Lowe's on June 20, 2007, and the damages of carrying the property from April 2, 2007 to the June 20, 2007 closing date, when the closing finally did take place, the delay in closing due to the notice of pendencys filed by Howard Silver, David A. Kaminsky & Associates, P.C., Martin G. Dobin, Esq. and David A. Kaminsky. Mr. Kellerman will testify as to Howard Silver's non-presence at the Huntington Townhouse and non-performance of services, as well as Elliot J. Hurdy's actions at the Huntington Townhouse through Mr. Hurdy's termination from employment (approximately the Fall of 2005). Mr. Kellerman will testify as to checks being sent and an occasional wire of funds to Howard Silver and his entities, upon Howard Silver's demands and directions from Elliot J. Hurdy to repay amounts of money to Howard Silver, together with the books and records concerning same and the records of the company. Mr. Kellerman will testify that Howard Silver never signed any documents becoming responsible for any loans of monies used in Huntington Townhouse operation, never received any K-1's and that there are no company records, tax returns or financial records evidencing any 50% interest by Howard Silver in the profits and capital of Silver Huntington Realty, LLC or Silver Huntington Enterprises, LLC or any other company in which Ms. Silver is involved.

3. Barry Newman, 3101 Shippers Road, Vestal, NY 13850, (607) 770-1010. Mr. Newman will testify as to the negotiations with Lowe's to purchase the property, the contract with Lowe's dated February 6, 2007, and his lack of any contacts with Howard Silver. Mr. Newman will testify that he never met or spoke to Howard Silver, although he is named as a defendant in Howard Silver's frivolous law suit. Mr. Newman will testify as to the necessity of selling the Huntington Townhouse and generally as to the various attempts by Mr. Hurdy and Mr. Silver to extort by illegal and unlawful means monies from the Huntington Townhouse operations.

4. Howard Rittberg, Esq., of Levene, Gouldin & Thompson, LLP, 450 Plaza Drive, Vestal, NY 13850, (607) 763-9200. Mr. Rittberg will testify on the subject of the makeup, organization and ownership of the five Plaintiff LLC's and Corporation, the nature of the organizations, the title of the property in Rhobar, Inc., Rhobar Development Associates, LLC and Ackerly Associates, LLC; the contract for sale between Rhobar, Inc., Rhobar Development Associates, LLC and Ackerly Associates, LLC and Lowe's Home Centers, Inc.; the various mortgages on the properties including the principal and interest payments, taxes, insurance and carry charges for the property; the sale to Lowe's including the closing and the mortgages and debt on other properties owned by Rhona Silver taken for purposes of obtaining funds to infuse into townhouse operations due to the unlawful debt collection; Mr. Rittberg will testify as to the refusals of the title insurance company to

write title insurance during the pendency of the notice of pendency and amended notice of pendency; the difficulties and delay in the closing of the property as a result of the notice of pendency and amended notice of pendency until June 20, 2007.

5. Farouk Mehta, Nassau County Sheriff Department, 4th Precinct, 1699 Broadway, Hewlett, NY 11557, (516) 573-6400. Detective Mehta will testify as to taking a complaint by Rhona Silver as to a threat against her life made by Howard Silver on or about April 10, 2007 that if Rhona Silver did not settle Howard Silver's law suit and give him money, he would kill Rhona Silver, all in violation of §120.50(3) of the New York Penal Law, Stalking 3rd, the restraining order against Howard Silver, the pendency of the criminal charges and what, if anything, Howard Silver advised him with respect to this threat.

6. Jennifer Mastanduono, Esq., an Assistant District Attorney with Nassau County, Nassau County District Attorneys Office, 99 Main Street, Hempstead, NY 11550, (516) 572-2000. Attorney Mastanduono will testify as to her involvement in the aforesaid threat by Howard Silver on or about April 10, 2007 and status of the criminal complaint.

7. The Honorable Arlene R. Lindsay, United States Magistrate for the Eastern District of New York, Alfonse M. D'Amato Courthouse, 100 Federal Plaza, Central Islip, NY 11722, (631) 712-5730, on March 16, 1999. Judge Lindsay will testify, if necessary, as to the statements made by Howard Silver at a bail hearing that he had no ownership interest in the Huntington Townhouse property and that his only asset was his ticket brokering business, as well as the pre-bail investigation report.

8. Larry Hutcher, Esq., of Davidoff, Malito & Hutcher, LLP, 605 Third Avenue, New York, NY 10158, (212) 557-7200. Mr. Hutcher will testify as to having represented Rhona Silver and Huntington Townhouse entities during the course of litigation during which a deposition was taken of Elliot J. Hurdy on January 6, 2005 in which Mr. Hurdy testified under oath that Rhona Silver owned the Huntington Townhouse and that Mr. Hurdy had absolutely no interest in said townhouse. Mr. Hutcher will also testify as to the questioning at the aforesaid deposition and the accuracy of the transcript of the testimony.

9. David A. Kaminsky, of David A. Kaminsky & Associates, P.C., 325 Broadway, Suite 504, New York, NY 10007, (212) 571-1227. Mr. Kaminsky will testify as to his knowledge of the factual and legal basis for the Howard Silver litigation and, if known, the factual and legal basis for the Elliot J. Hurdy litigation and the results of the various motions and actions taken by or on behalf of Howard Silver by Martin G. Dobin, Esq. a/k/a Jerry Dobin, Esq. and/or David A. Kaminsky & Associates, P.C. and/or David A. Kaminsky, the results of the motions and the various faxes, mail and phone calls attempting to collect monies.

10. Martin G. Dobin, Esq. a/k/a Jerry Dobin, Esq., of David A. Kaminsky & Associates, P.C., 325 Broadway, Suite 504, New York, NY 10007, (212) 571-1227. Mr. Dobin will testify as to his knowledge of the factual and legal basis for the Howard Silver litigation and, if known, the Elliot J. Hurdy litigation and the results of the various actions taken by or on behalf of Howard Silver by himself, David A. Kaminsky & Associates, P.C. and/or David A. Kaminsky, the results of the various motions and the various contacts to collect monies, said contacts by wire, fax and mail.

11. Harvey Schwartz, Esq., of Gallet, Dreyer & Berkey, LLP, 845 Third Avenue, New York, NY 10022. Mr. Schwartz will testify, with respect to the document attached to Howard Silver's frivolous law suit in state court, that said document is being held in escrow by the law firm and that he has no knowledge of the purposes of the escrow, the terms of the escrow or the basis for the document or the basis for the document being released from escrow.

12. Pearl Silver, 16 Clubside Drive, Woodmere, NY 11598, (516) 569-8526. Mrs. Silver will testify that on or about April 2007, Howard Silver, in a phone conversation with Pearl Silver advised his mother that he would kill his half-sister, Rhona Silver, if she didn't settle Howard Silver's law suit and give him money. Mrs. Silver will also testify as to her son's lengthy history of involvement with the law and arrest made and his general threatening nature and Howard Silver's non-performance of any duties or work with respect to the Huntington Townhouse operations.

13. Alvin Silver, 16 Clubside Drive, Woodmere, NY 11598, (516) 569-8526. Mr. Silver will testify as to Howard Silver's behavior from the time he was a teenager, his difficulties in school, threats and bullying of others, refusal to work in the Silver businesses, criminal matters that Howard Silver was involved in, Howard Silver's employment as a professional gambler and Howard Silver's non-performance of any duties or work with respect to the Huntington Townhouse operations.

14. Matthew Silver, 7 Westvale Lane, Huntington, NY (631) 484-2702. Mr. Silver will testify as to the shutting down of operations of the Huntington Townhouse due to the impending sale to Lowe's, the layoff of employees involved in booking new parties in early January 2007 with the determination made to book no parties beyond March 31, 2007. He will also testify as to the notification of individuals and companies in early January 2007 that there would be no parties beyond March 31, 2007 and that operations would be shut down and arrangements could be made for the clients to hold their events at alternate sites at the same cost or, in the alternative, at the clients request return over $364,000 in deposits to clients involved in events past March 31, 2007. He will testify that no further events, parties or any form of catering operations occurred after April 1, 2007 and there was widespread publicity as to the closing of operations and sale in the metropolitan area prior to and in the Newsday article of February 6, 2007 stating that the

property was being sold with a closing on February 7, 2007, said article immediately preceding the February 7, 2007 filing of the Howard Silver litigation and the furnishing of the complaint and notice of pendency to Lowe's and Rhona Silver.

    B.    Plaintiff's have annexed a copy or a description by category and location of all documents, including electronically stored information, intangible things in their possession, custody and control that Plaintiff's may use to support its claims or defenses, unless solely for impeachment.

    1.    Plaintiff has annexed an inventory of and copies of computer QuickBook records pertaining to the payment of the unlawful and usurious loans from 2000 through final payment, and a record of payments of the main mortgage, including interest, taxes, insurance, and carrying charges on the real property during the relevant time period. The checks and records supporting such computer records and computation of damages annexed hereto are located at 70 Burton Avenue, Woodmere, New York 11598 and/or at the offices of Howard Rittberg, Esq., of Levene, Gouldin & Thompson, LLP, 450 Plaza Drive, Vestal, NY 13850, (607) 763-9200.

    2.    The records concerning the real property on which the Huntington Townhouse was operated until its sale to Lowe's including deeds, mortgages and taxes are located at the offices of Howard Rittberg, Esq. at Levene, Gouldin & Thompson, LLP, 450 Plaza Drive, Vestal, NY 13850, (607) 763-9200.

    3.    The records concerning the Elliot J. Hurdy litigation and the Howard Silver litigation, including the transcript of Elliot Hurdy and Howard Silver in which they deny any ownership in the Huntington Townhouse, are located at the offices of Kevin F. McDonough, Esq., McDonough & Artz, P.C., The Perry Building, 89 Court Street, 3rd Floor, Binghamton, NY 13901, (607) 772-6070.

    4.    The records concerning the arrest and prosecution of Howard Silver based upon the threats to kill Rhona Silver on or about April 2007 are located at the offices of the Nassau County Sheriff Department, 4th Precinct, 1699 Broadway, Hewlett, NY 11557, (516) 573-6400.

    C.    A computation of categories of damages claimed by the Plaintiff is annexed hereto and the documents or other evidentiary material not privileged or protected from disclosure on which the computation is based are available under Rule 34 at 70 Burton Avenue, Woodmere, NY 11598, (631) 484-6693 and at the offices of Howard Rittberg, Esq. at Levene, Gouldin & Thompson, LLP, 450 Plaza Drive, Vestal, NY 13850, (607) 763-9200.

D.    There are no insurance agreements under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment for inspection and copying under Rule 34.

Respectfully submitted,

Kevin F. McDonough
McDonough & Artz, P.C.
Southern District Bar No.: KM7264