

# LEVENE GOULDIN & THOMPSON, LLP
### ATTORNEYS AT LAW

E-mail: hrittberg@binghamtonlaw.com
Direct Dial: 607.584.5656

**Partners**

Carlton F. Thompson
(1924-2005)

Samuel K. Levene
David M. Gouldin
Michael H. Zuckerman
John J. Carlin
Sharon L. Dyer
Paul R. Hoffmann
Howard M. Rittberg
Lawrence J. Schorr
John J. Pollock**
John L. Perticone**
Michael R. Wright
Philip C. Johnson
Elizabeth K. Joggerst
David F. McCarthy
Scott R. Kurkoski
John G. Grall**
Patricia M. Curtin
Caroline A. Vadala**
Albert B. Kukol
Kathryn Grant Madigan
Jeffrey A. Loew
Gary W. Farneti
Robert G. Bullis
Dorian D. Ames**
Sam P. Monachino
Margaret J. Fowler
Michael E. Osburn†
Cynthia Ann K. Manchester
Heather M. Cornell **†
Kevin T. Williams
Nicholas J. Scarantino
Greg S. Catarella
Alyssa M. Barreiro
Jamye L. Lindsey
Carrie A. Wenban

**Associates**

Maria E. Lisi-Murray
Jacinta M. Testa**
Timothy A. Hayden
Mark C. Vallonet††
Holly L. Avery
Lauren A. Kiley
Terrance M. McGuinness

**Of Counsel**

John H. Hartman
Richard N. Matties*
John P. Rittinger
John R. Normile, Jr.
Sanford P. Tanenhaus
Donald M. Flanagan
Bruno Colapietro✢
John F. Artman**
Alan M. Zalbowitz**

\* also admitted in FL
\*\* also admitted in PA
† also admitted in MA
††admitted US Patent & Trademark Office

✢ 71 State Street
Binghamton, NY 13901

**Deposit Office**
131 Front Street

July 2, 2008

Kevin F. McDonough, Esq.
McDonough & Artz, P.C.
89 Court Street, Third Floor
P.O. Box 1740
Binghamton, NY 13902-1740

      **RE:   Rhobar, Inc., et al v. Howard Silver, et al.**

Dear Mr. McDonough:

      You have asked me to render an expert opinion with respect to certain matters relevant to the above-entitled litigation presently pending in Federal Court for the Southern District of New York.

      I make this report in accordance with Rule 26(a)(2)(B).

      I am an attorney admitted to practice law in the Courts of the State of New York. I was admitted to practice in New York State in 1976 and in 1980 to the United States District Court for the Northern District of New York. I have been practicing law in New York for over thirty (30) years.

      I graduated from the State University of New York at Stony Brook in 1969 and St. John's University where I received a Juris Doctor degree in 1975. I am a member of the Broome County Bar Association and Chairman of its Real Property Committee. I am a member of the New York State Bar Association section on Real Property Law; Corporation and Business Law. I have practiced in the field of Real Estate Transactions and Development; Zoning; Commercial Leasing; Banking Transactions; Corporate and Commercial Transactions and Environmental Law. I am a partner in the firm of Levene, Gouldin & Thompson, LLP and have concentrated my practice to large commercial transactions during the last twenty-seven (27) years.

      I represented Rhobar, Inc., Rhobar Development Associates, LLC and Ackerly Associates, LLC in the sale of the property located at 124 East Jericho Turnpike, Huntington Station, New York to Lowe's Home Centers, Inc. I participated in the negotiations and drafting of the February 6, 2007 Contract with Lowe's, negotiations with the title insurance company with respect to the title policy on the property and represented the entities at the closing of the sale on June 20, 2007.

Main Office:   450 Plaza Drive   ♦   Vestal, NY 13850   ♦   Phone: 607.763.9200
Mailing Address:   P.O. Box F-1706   ♦   Binghamton, NY 13902-0106   ♦   Fax: 607.763.9211

R:\HMR\LTR2008\Silver-Mcdonough-RhobarVsSilver-070208.wpd



Kevin F. McDonough, Esq.                               2                                July 2, 2008

     I have not published any articles in the previous ten (10) years and have not testified as an expert at trial or by deposition in the previous four (4) years.

     I am being paid with respect to my study and testimony in this case based upon my standard hourly rate of $235.00 an hour with estimated fees as an expert in the amount of Five Thousand Dollars ($5,000.00) through trial testimony.

     I have reviewed the original Summons and Complaint together with a Notice of Pendency in an action commenced by Howard Silver against Rhona Silver and many other named entities filed February 6, 2007 in the Suffolk County Clerk's Office where the aforesaid property is located. The Summons and Complaint identified the preparers as David A. Kaminsky & Associates, P.C. by Jerry Dobin, Esq. The original Summons and Complaint was filed February 6, 2007, commencing an action in Supreme Court of the State of New York in the County of Suffolk. That date was the same date Newsday reported that the property was to be sold to Lowe's for Thirty-Five Million Dollars ($35,000,000.00) on February 7, 2007. The Summons and Complaint were faxed to Rhona Silver and Lowe's on February 6, 2007. The aforesaid statements are based upon my review of the documents and discussions with Rhona Silver.

     The Complaint alleged three (3) causes of action, the first for an accounting the second for a constructive trust and the third in joint venture. The Complaint had annexed a handwritten document dated April 30, 1997 allegedly signed by Rhona Silver acknowledging that a 50% interest in the profits and capital of Silver Huntington Enterprises, LLC and Silver Huntington Realty, LLC were being held for the benefit of Howard Silver. Howard Silver and his attorney filed along with the Summons and Complaint a Notice of Pendency dated February 6, 2007 which stated that the action sought a judgment directing the sale of real property by a Sheriff or Receiver and identified the real property in the County of Richmond on Royal Oak Road, Staten Island, New York with a Schedule annexed describing the property in Suffolk County owned by Rhobar, Inc., Rhobar Development Associates, LLC and Ackerly Associates, LLC. Annexed as Exhibit "A" is a copy of the aforesaid Summons, Complaint, Exhibit and Notice of Pendency. The Complaint did not seek the sale of real property.

     In my opinion, based upon my years of experience in hundreds of large commercial transactions, no buyer in the State of New York in a commercial transaction of this magnitude (or even in much smaller transactions) would close title and purchase property with a Notice of Pendency filed against the property, unless a title insurance company would issue a title policy without exception for the claim. I am familiar with the practice of companies issuing title insurance policies from my years of practice. In my opinion, no title insurance company in the State of New York would write a title insurance policy of this magnitude or much smaller magnitudes with a Notice of Pendency filed against the property without exception for the claim.

     In my further opinion, any lawyer in the State of New York would know and be aware of the fact that the filing of a Notice of Pendency will prevent closing of the sale of real property. Any lawyer in the State of New York knows that the purpose of filing a lis pendens is to prevent the sale of real property.



Kevin F. McDonough, Esq.                             3                              July 2, 2008

     In my opinion, every lawyer in New York knows that any agreement conveying any interest in real property requires a writing signed by the person conveying the interest.

     It appears that the law firm of David A. Kaminsky & Associates, P.C., including Jerry Dobin, Esq., hold themselves out as specializing in real estate law and real estate litigation. Annexed as Exhibit "B" is a copy of the firm's website.

     In my further opinion, any attorney familiar with the law or who reviewed the law in the State of New York, as required if the law is not known to the attorney, before commencing suit would know and be aware of the fact that an individual's claim that he is entitled to a 50% ownership in the profits and capital of two LLC's does not involve a claim that affects title to or use or enjoyment of real property so as to authorize the filing of a Notice of Pendency and that such filing would cause delay of the sale of the property and closing of title.

     In my opinion, an attorney in the State of New York would have known given the alleged agreement in this matter and the claims, that the Notice of Pendency filed with Exhibit "A" was subject to dismissal.

     I was aware of the fact that an Order to Show Cause was signed on or about March 2, 2007 in the State Court action to cancel the Notice of Pendency filed in the Suffolk County Clerk's Office on February 6, 2007 on the basis that the Complaint did not demand judgment that would affect title to or the possession, use or enjoyment of real property, in addition to other relief sought. That Order to Show Cause was made returnable March 16, 2007.

     Prior to the return date of the Order to Show Cause with respect to the original Summons and Complaint and Notice of Pendency, Howard Silver and his attorneys filed an Amended Summons and Complaint with an Amended Notice of Pendency. Annexed as Exhibit "C" is a copy of the Amended Summons and Complaint and Amended Notice of Pendency. The allegations in the Amended Verified Complaint are virtually the same as the original Verified Complaint although the Amended Summons and Complaint added Barry Newman and Ackerly Associates, LLC as defendants. There was no attempt to describe Barry Newman's or Ackerly Associates, LLC's alleged involvement in any matters complained of. The only other change was to amend the claim where Plaintiff had claimed that he worked four (4) years without demand for or receipt of payment, rather than the three (3) years originally alleged. Everything else appeared to be the same.

     A Motion was then made to cancel the Notice and Amended Notice of Pendency, among other relief sought, again on the basis that there was no demand for judgment that would affect title to or the possession, use or enjoyment of real property. That Motion was granted by the Court

     In my opinion, any attorney in New York State familiar with the real estate law would have known that Howard Silver's claims in the Amended Summons and Amended Complaint that he was entitled to a 50% ownership interest in the profits and capital of two (2) LLCs did not involve a claim that affected title to or the possession, use or enjoyment of real property and would know that the Amended Notice of Pendency would prevent the closing of sale of the property to Lowe's and that no title insurance company would issue a title policy covering the property without excepting the claim and that Lowe's would not



Kevin F. McDonough, Esq.                  4                  July 2, 2008

accept title to the property encumbered by the Notice of Pendency or with a title insurance policy excepting the claim.

       In my opinion, any attorney in the State of New York familiar with real estate law, including attorneys holding themselves out as specializing in real estate law, would have known that the filed Notice of Pendency and Amended Notice of Pendency were subject to dismissal but would be effective to stop and delay closing of the sale to Lowe's.

                                                 Respectfully submitted,

                                                 Howard Rittberg