USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-10-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ROHBAR, INC., et al.,                 :

               Plaintiffs,    :    07 Civ. 6100 (BSJ)(HBP)

   -against-                         :    ORDER TO SHOW
                                            CAUSE AND
HOWARD SILVER, et al.,                :    SCHEDULING ORDER

               Defendants.    :

----------------------------------X

        PITMAN, United States Magistrate Judge:

        Judge Jones has referred this matter to me for general pretrial supervision. Pursuant to the Order of Reference, I held an initial pretrial conference on December 3, 2007 which, among other things, scheduled a settlement conference for June 9, 2008. The written Order memorializing the dates set at the December 3 conference transmitted a copy of my procedures for settlement conferences. Among other things, these procedures require that (1) each side make an ex parte submission the Friday before the conference setting forth their view of the case and their position on settlement and (2) that principals for each side attend the settlement conference, unless the principals reside a substantial distance from the District. My settlement procedures further provide:

> 7. If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from the insurance

carrier), that party may be required to reimburse all the other parties for their time and travel expenses.

At the request of defendants' counsel, the June 9, 2008 settlement conference was adjourned to September 9, 2008 at 10:00 a.m. My Deputy's July 24, 2008 letter advising counsel that the adjournment had been granted annexed a second copy of my procedures for conducting settlement conferences.

Defendants' counsel did not make defendants' ex parte submission in a timely manner, and on September 5 and 8, 2008 -- the Friday and Monday before the settlement conference -- my Deputy made repeated telephone calls to defendants' counsel to remind him of the need to make the ex parte submission required by my rules. Although my deputy was unsuccessful in his efforts to reach defendants' counsel, he did leave a message on defendants' counsel's voice mail system.

Nevertheless, despite the repeated notices, defendants' counsel appeared at today's settlement conference without having made the required ex parte submission and without his client. I asked defendants' counsel where his client lived, and counsel advised that his client resided on Manhattan's upper east side (approximately a 15-30 minute subway ride from the court). Accordingly, I adjourned the conference to 11:00 a.m., and advised defendants' counsel to call his client and have him report to the court immediately for the conference.

At 11:00 a.m. I met with counsel for both sides again. Defendants' counsel advised that he had been unable to reach his client. Because I had neither defendants' ex parte submission, nor the presence of defendant, I advised counsel that the conference was adjourned to October 17, 2008 at 10:00 a.m. and that I was going to issue an Order to Show Cause directing defendants to show cause why defendants and their counsel should not reimburse plaintiffs and their counsel for the expense incurred in traveling to the courthouse for a settlement conference that could not proceed in a meaningful manner as a result of defendants' flouting my procedures for settlement conferences.[1]

Accordingly, defendants and their counsel are hereby ORDERED to show cause in writing on or before September 30, 2008 why they should not be directed to reimburse plaintiffs and their counsel for the costs plaintiffs incurred, including out-of-pocket expenses and legal fees, in attending the settlement conference scheduled for this morning.

---

[1] At approximately noon on September 9, 2008 -- two hours after the scheduled start time of the settlement conference -- defendants' counsel appeared at my chambers ex parte and advised me that he had finally contacted his client and that his client was then on his way to the courthouse and that plaintiffs and their counsel were still in the court course. Defendants' counsel then requested that I proceed with settlement conference after his client arrived at the courthouse. I advised defendants' counsel that I could not start the conference when his client arrived at the courthouse due to other matters I had to attend to that day.

3

It is further ORDERED that:

1. The settlement conference in this matter is adjourned to October 17, 2008 at 10:00 a.m.

2. The deadline for the submission of dispositive motions is adjourned to September 30, 2008.

3. The due date for the pretrial order and the other pretrial submissions required by Judge Jones is adjourned to November 17, 2008.

Dated:  New York, New York
        September 9, 2008

SO ORDERED

*[signature]*
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Kevin F. McDonough, Esq.
McDonough & Artz, P.C.
89 Court Street
Binghamton, New York  13902

Daniel K. McDonough, Esq.
Conway, Farrell, Curtin & Kelly
20th Floor
48 Wall Street
New York, New York  10005

Martin G. Dobin, Esq.
David A. Kaminsky & Associates, P.C.
Suite 504
325 Broadway
New York, New York  10007