USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-20-08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
ROHBAR, INC., et al.,               :
                        Plaintiffs, :   07 Civ. 6100 (BSJ)(HBP)
        -against-                   :   MEMORANDUM
                                        OPINION AND ORDER
HOWARD SILVER, et al.,              :
                        Defendants. :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

This matter has been referred to me by Judge Jones for general pretrial supervision.

On September 9, 2008, I attempted to conduct a settlement conference. Plaintiffs' counsel made the ex parte submission and appeared promptly with his client, as required by my individual practices. Defendants' counsel failed to make any ex parte submission and failed to appear with his client, despite the fact that his client lived in Manhattan. As a consequence of defendants' counsels' defaults, the settlement conference could not proceed and had to be rescheduled. Because the conference had been frustrated solely by the efforts of defendants' counsel, I issued an Order to Show Cause on September 9, 2008 setting forth in detail the events that transpired that day and directing defendants' counsel to show cause why they should not be directed to reimburse plaintiff and their counsel for the expenses in-

curred in connection with the aborted September 9 settlement conference.

By an affirmation dated September 29, 2008 (Docket Item 32), defendants and their counsel agreed to reimburse plaintiffs and their counsel for the expenses identified in the Order to Show Cause. Thereafter, plaintiffs' counsel itemized their expenses in connection with the September 9 conference as follows:

Kevin F. McDonough, Esq.'s Time Charges (Rate: $225/hour)

| | | |
|---|---|---|
| 09-09-08 | Prepare for conference; conference with client and attorney; travel to New York City | 6.7 hours |
| | Travel to court; appear at conference; appear at second conference; travel to Binghamton | 8.25 hours |
| | | 14.95 hours |
| | **TOTAL: $225/hour x 14.95 hours =** | **$3,363.75** |

Kevin F. McDonough, Esq.'s Expense

| | |
|---|---|
| Mileage, Round Trip between New York and Binghamton (352 miles at $0.505[1] per mile) | 177.76 |
| Toll on George Washington Bridge | 8.00 |
| Parking | 51.00 |

---

[1] The Administrative Office of the United States Courts reimburses federal judges for official travel using privately owned vehicles at the rate of $0.585 per mile. Accordingly, I find the lesser rate sought by plaintiff's counsel to be reasonable.

2

|  |  |
|---|---|
| Taxi from West 75th Street to Courthouse (round-trip) | 54.00 |
| **TOTAL** | **$290.76** |

<u>Daniel K. McDonough, Esq.'s Time Charges (Rate: $200/hour)</u>

| | | |
|---|---|---|
| 09-08-08 | Review of file; conference with co-counsel | 1.9 hours |
| 09-09-08 | Travel to Courthouse to attend conference | 4.4 hours |
| | **TOTAL:  $200/hour x 6.3 hours =** | **$1,260.00** |
| | **TOTAL SOUGHT BY PLAINTIFFS** | **$4,914.51** |

Defendants object to the amount of fees sought by plaintiffs.

I agree with defendants that plaintiffs' fees need some trimming, but not as much as defendants seek.

First, Mr. Daniel McDonough's fees are disallowed. Although the issues in this case cannot be fairly characterized as simple, they were not so complex as to require the attendance of two attorneys at the settlement conference. I appreciate that a senior attorney frequently brings a junior attorney to a settlement conference for training purpose, but the fees attendant to such training are not appropriately shifted to defendants here.

Defendants also object to the request for travel time and travel expenses because plaintiffs made the choice to hire an attorney from Binghamton, New York. I decline to disallow that

3

time and those expenses in their entirety. By retaining counsel from Binghamton, plaintiffs' created a situation in which it would be necessary for counsel to spend a substantial amount of time traveling to court. However, the alternative of hiring counsel in the Southern District of New York probably would have resulted in a substantially higher hourly rate. According to his firm's web site, Mr. Kevin McDonough has been practicing law for more than 30 years and early on in his career served as the confidential law secretary to a Justice of New York's Supreme Court. Based on his performance at the settlement conference held in this matter on October 17, 2008, I conclude that he is a highly competent professional. Given the fact that many major firms in Manhattan bill their first-year associates at rates in excess of $250 per hour, it is extremely unlikely that plaintiffs would have been able to retain an attorney with comparable experience and abilities in the New York metropolitan area for $225 per hour. See Barfield v. New York City Health & Hosp. Corp., 05 Civ. 6319 (JSR), 2006 WL 2356152 at *1 (S.D.N.Y. Aug. 11, 2006) (approving rate of $350 per hour in FLSA case for attorney with five years experience), aff'd, 537 F.3d 132 (2d Cir. 2008). Since the hourly rate charged by Mr. McDonough more than offsets the expense incurred by his travel, I decline to disallow his travel time.

Nevertheless, an attorney's travel time is ordinarily compensated at one-half of his regular hourly rate. See, e.g., In re Agent Orange, 818 F.2d 226, 238 (2d Cir. 1987) (stating that "it is not unusual for hours of travel time . . . to be compensated at lower rates"); Katzenberg v. Lazzari, 04 CV 5100 (CBA), 2007 WL 2973586 at *10 (E.D.N.Y. Oct. 9, 2007); Williams v. New York City Housing Auth., 975 F. Supp. 317, 324 (S.D.N.Y. 1997); Luciano v. Olsten Corp., 925 F. Supp. 956, 965 (E.D.N.Y. 1996), aff'd, 109 F.3d 111 (2d Cir. 1997).  Given the distance between New York City and Binghamton -- approximately 176 miles -- I estimate the time Kevin F. McDonough's round-trip travel time to be eight hours.  Accordingly, I shall deduct one half of the round-trip travel time, or four hours.[2]

Mr. McDonough's preparation for the September 9 conference also, no doubt, shortened his preparation for the October 17 conference, and to the extent it did so, it was not wasted time. I shall also deduct one hour of the time for which he seeks compensation to account for this saving.

Since no other adjustments are appropriate, plaintiffs and their counsel are awarded $2,529.51 calculated as follows:

---

[2] Eight hours at one half Mr. McDonough's regular hourly rate (8 x $112.50) yields the same product as four hours at his regular rate (4 x $225.00).

<u>Kevin F. McDonough, Esq.'s Time Charges (Rate: $225/hour)</u>

| | | |
|---|---|---|
| 09-09-08 | Prepare for conference; conference with client and attorney; travel to New York City | 6.7 hours |
| | Travel to court; appear at conference; appear at second conference; travel to Binghamton | 8.25 hours |
| | | 14.95 hours |
| | Less 5.00 hour adjustment | (5.00) |
| | **TOTAL:  $225/hour x 9.95 hours =** | **$2,238.75** |

<u>Kevin F. McDonough, Esq.'s Expense</u>

| | | |
|---|---|---|
| | Mileage, Round Trip between New York and Binghamton (352 miles at $0.505 per mile) | 177.76 |
| | Toll on George Washington Bridge | 8.00 |
| | Parking | 51.00 |
| | Taxi from West 75th Street to Courthouse (round-trip) | 54.00 |
| | **TOTAL** | **$290.76** |
| | **TOTAL AWARDED TO PLAINTIFFS** | **$2,529.51** |

Within ten (10) business days, defendants or their counsel shall remit to plaintiff's counsel the sum of $2,529.51 as compensation for the expenses unnecessarily incurred in connection with the failed September 9 settlement conference. This debt shall be the joint and several liability of defendants and their attorneys. With respect to defendants' attorneys, an unjustified failure to comply with this Order will result in the

6

atter being referred to the Court's Disciplinary Committee for whatever action it deems appropriate.

Dated:  New York, New York
        November 20, 2008

>                           SO ORDERED
>
>                           _____
>                           HENRY PITMAN
>                           United States Magistrate Judge

Copies transmitted to:

Kevin F. McDonough, Esq.
McDonough & Artz, P.C.
89 Court Street
Binghamton, New York  13902

Daniel K. McDonough, Esq.
Conway, Farrell, Curtin & Kelly
20th Floor
48 Wall Street
New York, New York  10005

Martin G. Dobin, Esq.
David A. Kaminsky & Associates, P.C.
Suite 504
325 Broadway
New York, New York  10007